## HUTSON et al. v. ILLINOIS BANKERS LIFE ASSUR. CO.

No. 28714.   Oct. 24, 1939.

Chas. T. Hutson and Lester E. Smith, both of Wewoka, for plaintiffs in error.

D. G. Hart, of Wewoka, for defendant in error.

HURST, J.   Plaintiff, Illinois Bankers Life Assurance Company, sued defendants to foreclose a mortgage.   Judgment went for plaintiff, and defendants appeal, setting up five specifications of error.   The first four grounds, all going to claimed excessive allowances by the court in rendering judgment, will be considered together.

1.   The mortgage indebtedness, on April 1, 1933, amounted to $1,300.   On that date defendants defaulted, and by the terms of the mortgage the whole of the principal became due, and the interest rate increased from 7 to 10 per cent.   On March 13, 1935, defendants paid $200 and interest thereon, which was credited, leaving a balance of $1,100 due as of April 1, 1933.   Plaintiff recovered judgment for this amount, with interest thereon from April 1, 1933, at 10 per cent. per annum, and for certain taxes paid by plaintiff, which also under the terms of the mortgage bore interest at 10 per cent. per annum, and an abstracter's bill for $68.50.   In the same action plaintiff foreclosed another small mortgage securing two $25 notes.   Defendants contend that as all the notes secured by the first mortgage were not due when default was made in their payments, the increased interest rate did not become effective, but that it was effective only from the maturity of the notes. The mortgage plainly provides that upon breach of condition the entire principal shall be due and payable, and that thereafter the interest rate should be 10 per cent.   This was an agreement the parties could lawfully make (Tobin et al. v. Holmboe [1935] 172 Okla. 546, 45 P.2d 716), and therefore the court properly allowed plaintiff 10 per cent. on the principal sum from April 1, 1933, the date of default.   Likewise, his allowance of the same rate on taxes paid by plaintiff was correct, and accorded with the terms of the mortgage. There being no evidence to support the abstract bill of $68.50, the allowance of that item was improper.   Also the incorporation in the journal entry of judgment of an additional attorney's fee of $25 for the foreclosure of the small mortgage above mentioned was improper.   Both mortgages were foreclosed in the same suit, and plaintiff's attorney asked and was allowed at the trial a fee of $150 for his services.   Such request and allowance was and is binding unless set aside for good cause shown.   Therefore the judgment on the first mortgage should have been for $1,745.05, and on the second for $69.87, making a total of $1,814.92, with interest at 10 per cent. per annum from April 1, 1937, until paid, and an attorney's fee of $150, with interest at 6 per cent. from September 24, 1937, and costs, and the judgment is modified accordingly.   Farmers & Merchants Ins. Co. v. Cuff (1911) 29 Okla. 106, 116 P. 435.

2.   Finally, defendants contend that the court erred in decreeing that upon sale under the foreclosure, their interest be offered first for sale, excluding certain mineral grants and pipe line rights of way held by certain other defendants.   These rights were apparently acquired from defendants' predecessors in title, and in an extension agreement subsequently made between plaintiff and defendants the latter expressly assumed and agreed to pay the first mortgage, while the second mortgage was made by them.   We conclude that the interest of defendants was primarily liable for the debt, and the decree requiring it to be first offered was proper.   Bailey et al. v. State (1919) 72 Okla. 203, 179 P. 615.

Furthermore, defendants, on this appeal, did not make these parties defendants in error, and therefore are precluded from urging any contention affecting their rights.

The judgment of the trial court, as modified herein, is affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DANNER, JJ., concur.