## No. 15,267.

MOUNTAIN REFINING COMPANY AND APEX REFINING & DRILLING COMPANY *v.* LOUISE HEALD AND WALTER S. CHEESMAN REALTY COMPANY.

(146 P. [2d] 992)

Decided February 14, 1944.   Rehearing denied March 13, 1944.

Mr. HARRY S. CLASS, Mr. DOUGLAS A. ROLLER, Mr. WILLIAM B. KING, for plaintiffs in error.

Mr. Isaac Mellman, Messrs. Pershing, Bosworth, Dick & Dawson, Mr. Samuel S. Sherman, Jr., for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter designated as Mountain and Apex, and defendants in error as Heald and Cheesman, respectively.

Heald sued to recover approximately $1,700 and interest on four of nineteen notes executed by Mountain, and to foreclose as a mortgage a "deed of trust" on approximately eleven acres of land in Tp. 3 S., R. 68 W., and a certain refinery thereon located consisting of buildings, machinery, fixtures and equipment given to secure said notes. She further alleged that seven of said notes, aggregating approximately $3,400, were held by Cheesman, made a defendant because it refused to join, and that the remaining eight notes had been paid and discharged. Some thirteen parties were made defendants. Prayer was for judgment for $1,751 and interest, plus $1,000 attorney's fees; that defendants be required to set forth their claims; that all notes save those held by Heald and Cheesman be decreed paid; and for foreclosure of the security. All named defendants save Mountain and Apex have, in various ways, passed out of the picture. Motions and demurrers were filed and overruled. Apex answered. It denied payment of any of the notes and alleged that it was the owner of the premises in question free and clear of said deed of trust and prayed that the complaint be denied, the deed of trust cancelled, and that Apex be decreed the owner and declared to have a prior lien on the premises. The answer of Mountain differs little from that of Apex save that it makes no claim to title. It denies consideration for the deed of trust, denies its validity, alleges that

Heald is not the real party in interest, and prays dismissal of the action and judgment for its costs. Cheesman admits various allegations of the complaint, denies knowledge of others, and asserts that it is the owner and holder of $3,400 of the notes mentioned. Trial was to the court and findings for Heald and Cheesman. The order was for judgment for Heald and against Mountain for $2,015.60, plus $1,000 attorney's fees and costs; for Cheesman and against Mountain for $4,682.44 and costs; and for foreclosure of the trust deed. To review that judgment Mountain and Apex prosecute this writ. Cheesman, having participated with Heald in the trial of the cause and apparently satisfied with its disposition, did not join as a plaintiff in error and hence was made a defendant.

Various defects appear in the record before us. Some of them possibly fatal. Among these we note the absence from the abstract of the final decree, or any substantial statement of some of its material recitals, and a defect in the judgment relating to the attorney's fees. Since, however, these defects are not called in question we elect to ignore them and briefly dispose of the cause on its merits.

We have here before us three printed abstracts totaling 110 pages and eight briefs totaling 263 pages in which 130 authorities and statutes are cited. Notwithstanding all this, a careful consideration of this record and the briefs of counsel convince us that one of the attorneys is right when he says that the question for consideration is purely one of fact and that the issues are few and relatively simple of solution.

█ We find no justification for a further statement, or for an examination and analysis of law and facts. As to the former there is no serious dispute and as to the latter they either appear beyond question or were resolved by the court on conflicting evidence. This was a simple question of the validity and ownership of the notes, the legality of the security, the interest of Heald

and Cheesman therein, and their right to foreclosure. Suffice it to say that on the whole we are satisfied that the trial court correctly resolved the issues before it. But if it failed in any particular the correction of that failure is beyond our jurisdiction except as to one particular, i. e., the allowance of attorney's fees.

The notes in question were payable to bearer. The deed of trust ran from Mountain to the public trustee of Adams county and provided that in case of default the holders of more than eighty per cent, in principal amount of the notes might declare a forfeiture and the public trustee proceed to sell and pay the net proceeds "to the legal holder of the notes secured hereby." Also "that if foreclosure be made by the public trustee an attorney's fee in the sum of five hundred dollars for services in the supervision of said foreclosure proceedings shall be allowed by the public trustee as a part of the cost of foreclosure, and if foreclosure be made through the courts a reasonable attorney's fee shall be allowed by the court as a part of the indebtedness to be paid through such foreclosure proceedings."

■ A special hearing was had by the court on the question of attorney's fees and the sum of $1,000 was fixed. In this we think the court was in error. It may be assumed that $500 was contracted for as a maximum fee in case the attorneys supervising the foreclosure by the trustee represented the holders of all the notes, hence if he represented but eighty per cent in value of the holders his maximum fee would be $400. Had this been a simple public trustee's foreclosure we question the reasonableness of these maximum fees. We realize that counsel's labor involved in this complicated judicial procedure justified a larger fee than should have been allowed had the foreclosure been by the public trustee, notwithstanding which, and taking into consideration the amount of the judgment obtained by Heald (always a proper element for consideration in such cases) this fee should not have exceeded $500.

It is therefore ordered that the judgment be modified by reducing the attorney's fee to $500, and as so modified be affirmed.

Mr. Justice Goudy not participating.