BOULDER LUMBER COMPANY, a Colorado Corporation, Plaintiff,

v.

ALPINE OF NEDERLAND, INC., a Colorado Corporation, Christoph M. Justen, Individually, Defendants,

and

National State Bank of Boulder, Colorado, a National Banking Association, Defendant-Appellant,

and

John C. Docter, James W. Docter, and Thomas C. Docter, Defendants-Appellees,

and

Rental City, Inc., a Colorado Corporation, K. E. N. Engineering Co., a Colorado Corporation, Meyers Heating and Air Conditioning, Inc., a Colorado Corporation, Shanahan Masonry Co., Boulder Valley Dry Wall, Inc., a Colorado Corporation, Leonard L. Cole, d/b/a Len's Excavating, Public Trustee of Boulder, Colorado, Defendants.

No. 80CA0694.

Colorado Court of Appeals, Division II.

Feb. 26, 1981.

Hutchinson, Black, Hill, Buchanan & Cook, William D. Meyer and Baine P. Kerr, Boulder, for defendant-appellant.

Hurth, Yeager & Sisk, John M. Yeager, Boulder, for defendants-appellees.

VAN CISE, Judge.

Defendant National State Bank of Boulder (the bank) appeals the issuance of a preliminary injunction prohibiting the defendant public trustee from selling certain real property in Boulder County pursuant to the power of sale in a deed of trust in favor of the bank. We affirm.

On May 1, 1980, the bank commenced a foreclosure action by filing with public trustee a notice of election and demand for sale under a deed of trust from defendant Alpine of Nederland, Inc. (the owner). Also, pursuant to C.R.C.P. 120, the bank moved for and obtained from the court on June 10 an order authorizing the sale. The public trustee set the sale for June 24.

On May 6, 1980, pursuant to § 38–22–101 et seq., C.R.S.1973, and C.R.C.P. 105, plaintiff Boulder Lumber Company, a mechanic's lien claimant, commenced the present action against the owner and defendant Christoph M. Justen for a money judgment, for a decree that plaintiff had a first lien on the property, and for an order for foreclosure and sale. Other parties joined as defendants were the public trustee, six other mechanic's lien claimants, the bank, and the appellees John C., James W., and Thomas C. Docter (the Docters) whose claims are based on two deeds of trust. The seven mechanic's lien claims total approximately $74,000, and the bank and the Docters' claim $100,-000 and $229,000, respectively.

On June 11, Docters filed "cross-counter-claims" asking for a money judgment against the owner and Justen, for an adjudication of the rights of all parties to the property, and for a court foreclosure and sale of the property. At the same time, claiming irreparable injury to themselves and lack of prejudice to the bank, the Docters filed a motion for a preliminary injunction against the impending public trustee sale. The plaintiff lien claimant joined the Docters in their motion. On June 13, the court heard argument on the motion and, on the posting of bond by the Docters, issued a preliminary injunction prohibiting the public trustee from selling the property until the issue of priority of claims could be resolved. The bank appeals, seeking to have the injunction dissolved.

The question for decision on this appeal is whether the court properly enjoined the public trustee's foreclosure sale when the unresolved issue was the priority of the respective liens. We hold that the injunction was properly entered.

It is not disputed that the owner is in default on his bank loan, and there is nothing under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, that would make an order authorizing sale improper. Therefore, under C.R.C.P. 120, the bank was entitled to the order. The issue in the instant case is outside the scope of inquiry at a C.R.C.P. 120 hearing. However, C.R.C.P. 120(d) prescribes that the granting of the motion for the order for sale is without prejudice to the right of any person aggrieved to seek injunctive relief. Therefore, it was proper to seek such relief in this separate action.

At the hearing on the motion for preliminary injunction, no evidence was presented. The motion was orally argued by counsel for plaintiff, the bank, and the Docters. From the pleadings it appears that each

party claims his lien is prior to all others. Also, all seven of the mechanics' liens, *see* § 38–22–106(1), C.R.S.1973, and one or even both of the Docters' deeds of trust may have priority over the bank's deed of trust. Further, there is no agreement as to the exact amount of some of the claims.

The uncertainty as to priorities and amounts, its chilling effect on bidding and bidders at a public sale, and the predicament in which it places persons trying to decide whether to redeem, justify the injunction. "It is the traditional duty of a court of equity to safeguard the interests of a mortgagor in the foreclosure of his equity of redemption." *Handy v. Rogers*, 143 Colo. 1, 351 P.2d 819 (1960). That duty applies equally to the interests of lien claimants. In performance of that duty, the court here properly determined that "[a]llowing summary foreclosure procedures through the public trustee where a dispute exists as to the claim of priority simply encourages a race through that procedure.... It is far safer and more prudent to enlist judicial supervision of a foreclosure process from the beginning, rather than to untangle a knotted summary decree at some later date." *See Princeville Corp. v. Brooks*, 188 Colo. 37, 533 P.2d 916 (1975).

Judgment affirmed.

PIERCE and KELLY, JJ., concur.