FIRST PEOPLES NATIONAL BANK OF NEW JERSEY, PLAINTIFF, v. IVAN F. BROWN AND MIRIAM H. BROWN, HIS WIFE, ET ALS., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Atlantic County

Decided March 9, 1981.

*John P. Reilly* for plaintiff.

*Keron D. Chance* for defendants Brown (*Chance & McCann*, attorneys).

*Ivan M. Sherman* for defendant and cross-claimant United Jersey Bank (*Davidow, Sherman & Eddowes*, attorneys).

*Harry A. Delvanthal, Jr.*, for defendants Ballard.

STEEDLE, J. S. C.

The present action is a suit in foreclosure by two banks, specifically, First Peoples National Bank of New Jersey and United Jersey Bank/Cumberland National Bank. Three proper-

ties are the subject of the present foreclosure proceedings, and they are more particularly described as follows: (1) a condominium unit in the Greate Bay Villas, Somers Point, Atlantic County, New Jersey; (2) a commercial property situate in Egg Harbor Township, Atlantic County, New Jersey, and (3) a residential property situate in Bridgeton, Cumberland County, New Jersey. There are five outstanding obligations which are secured by the aforementioned properties. While the within matter was contested, this court granted plaintiff's motion for summary judgment. Pursuant to the direction of this court, counsel for defendant/cross-claimant United Jersey Bank submitted a proposed form of final judgment. Counsel for defendants Brown filed a timely objection to the form of judgment, raising several issues. Following its consideration of all the documentation supplied by the various counsel, it appears to the court that the differences among counsel with respect to various language provisions in the form of judgment have been mutually resolved. Two issues remain, however, with respect to the amount of counsel fees to be allowed in the present matter; these issues are the subject of the within opinion.

Briefly, plaintiff First Peoples National Bank of New Jersey and defendant/cross-claimant United Jersey Bank collectively hold five outstanding notes which are presently in default. Plaintiff First Peoples National Bank of New Jersey holds the following two notes: (1) a note bearing date April 4, 1979 in the face amount of $125,000, the sum of $119,678.47 inclusive of costs being in default, and (2) a note in the face amount of $50,000 bearing date August 7, 1979, the sum of $60,338.36 inclusive of costs being in default. Defendant/cross-claimant United Jersey Bank is the creditor on three notes more particularly described as follows: (1) a loan in the face amount of $150,000 bearing date August 23, 1971, the sum of $79,254.23 inclusive of interest presently in default; (2) a loan in the face amount of $30,000 bearing date August 9, 1977, the sum of $29,460.24 inclusive of interest presently in default, and (3) a loan in the face amount of $75,510.42 bearing date December 10,

1979, the amount of $86,191.71 inclusive of interest presently being in default. It is unnecessary for the purposes of this opinion to fully detail the nature and interrelationship of the various loans and mortgages presently at issue. It is sufficient to note that the various notes and mortgages are interrelated to one another and, in fact, certain of the mortgages are subordinate to and conditioned upon the satisfaction of the superior mortgages at issue herein.

■ With respect to the United Jersey Bank loan bearing date December 10, 1979, the original proposed form of judgment sought the inclusion of counsel fees pursuant to a contractual provision contained in the mortgage with respect to that loan. The aforementioned provision stated that in the event of default and foreclosure, counsel fees in the amount of 20% of the face amount of the loan were to be included in the final judgment of foreclosure. Accordingly, with respect to the December 10, 1979 loan payable to United Jersey Bank, the final judgment figure reflected therein was $103,430.05. Defendants Brown took exception to this provision. It is well-settled in this jurisdiction that contractual provisions contained in mortgages which are in excess of that provided by the court rules are in derogation of public policy. See *Bank of Commerce v. Markakos*, 22 *N.J.* 428 (1956). The policy guidelines established therein were quite clear and provide as follows (at 432): "[T]he purported right to contract as to counsel fees [in foreclosures] never existed in this State; any such attempt by private parties would have been struck down as against public policy quite as much as it would if the Legislature had attempted to do so." *See, also, Coastal State Bank v. Colonial Wood Products, Inc.*, 172 *N.J.Super.* 320 (App.Div.1980).

■ This court finds that the objection to the proposed 20% fee inclusion in the final judgment is well taken and that the provisions of *R.* 4:42–9(a)(4) provide the exclusive authority for the allowance of counsel fees in a foreclosure action. Consistent with the aforementioned rule and the above-cited cases, this

court has amended the form of the final judgment by reducing the amount allowed with respect to the December 10, 1979 obligation payable to United Jersey Bank from the original $103,430.05 to the amount of $86,191.71, as reflected above in this opinion.

■ The second issue raised by way of objection to the proposed form of order requires a construction of the provisions of R. 4:42–9(a)(4).[1] The fee request reflected in the proposed form of judgment pursuant to the aforementioned rule reflects a computation based upon each of the individual amounts due and owing and subject to the foreclosure proceedings. The effect of this computation is that the lower rates of 3½% and 1½%, respectively, have been applied as applicable to each of the five debts due and owing the two party banks. Defendants Brown suggest that the computation should be made on the aggregate sum collected by each of the party banks, thereby eliminating the multiple application of the lower base percentage figures for purposes of computing counsel fees, thus effectively increasing those fees.

By assessing counsel fees to each of the debts due and owing United Jersey Bank, pursuant to the provisions of R.4:42–9(a)(4), the amounts requested appear as follows: $902.54, $444.60 and $1,011.91, for an aggregate amount of $2,359.05. Alternatively, by computing those fees based on the aggregate amount which was recovered by United Jersey Bank, the total counsel fees payable thereunder are $2,099.07.

Similar computations with respect to the individual debts due and owing plaintiff First Peoples Bank result in counsel fees in

---

[1]In an action for the foreclosure of a mortgage, the allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff amounting to $5,000 or less, at the rate of 3½%, provided, however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5,000 and up to $10,000 at the rate of 1½%; and upon the excess over $10,000 at the rate of 1%, provided that in no case shall the allowance exceed $7,500, except upon application supported by affidavit of services.

the amount of $1,346.78 and $753.38, for a total of $2,100.16. By comparison, a computation based on the aggregate amount due and owing First Peoples Bank reveals a total allowable counsel fee in the amount of $1,950.17.

Neither the letter memos of the responding parties nor the research of this court have revealed a New Jersey case construing the provisions of *R.* 4:42–9(a)(4). At the outset, the court reemphasizes the plain language of the aforementioned rule, which provides in pertinent part as follows; "[T]he allowance shall be calculated as follows: *on all sums adjudged to be paid the plaintiff . . . .* " (Emphasis supplied). It appears to this court that the language of the rule is clear and unambiguous, and that counsel fees should be applied on the aggregate sum determined to be due and owing any party mortgagee. This court finds such an application of the rule to be warranted in those cases where one party forecloses more than one mortgage, and where those mortgages secure multiple notes or bonds.

In addition to the applicable court rule, this court finds guidance in the case of *Hutson v. Illinois Bankers Life Assur. Co.,* 185 *Okl.* 573, 95 *P.2d* 238 (1939), in which the Oklahoma Supreme Court held that, where an attorney had foreclosed two mortgages in one action and had requested a fee in the amount of $150, the attorney was not entitled to an additional fee based upon the second foreclosure which was part of the original suit. *Cf. Mountain Refining Co. v. Heald,* 112 Colo. 113, 146 *P.2d* 992 (1944) (the Supreme Court questioned the contractual fee schedule, in light of the fact that the foreclosure potentially involved one deed of trust securing multiple notes payable to the numerous parties).

Accordingly, this court finds that the fee allowances in the present litigation are to be determined on the aggregate amount which has been found to be due and payable to each of the party banks.

The court will amend the form of judgment accordingly.