**BAKERS PARK MINING & MILLING COMPANY, a Colorado corporation, Petitioner,**

**v.**

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER and the Honorable John Brooks, Jr., a Judge of said Court, Respondents.**

No. 82SA494.

Supreme Court of Colorado, En Banc.

May 2, 1983.

Sherman & Howard, Edward W. Nottingham, David R. Johnson, Craig W. Palm, Denver, for petitioner.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for respondents.

DUBOFSKY, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why the order of the respondent Denver district court setting a hearing on attorneys' fees in a C.R.C.P. 120 proceeding should not be vacated. We now make the rule absolute.

Timberline Mining and Milling Company, the predecessor in interest to the petitioner Bakers Park Mining & Milling Company, executed a deed of trust in favor of Tusco, Inc. on May 8, 1980. The deed of trust described certain real property which served as security for a nonnegotiable promissory note made by Timberline payable to Tusco. On June 16, 1982, Tusco filed a motion under C.R.C.P. 120 for an order authorizing the public trustee of San Juan County to foreclose upon the property under a power of sale clause in the deed of trust. On September 23, 1982, the respondent district court held the hearing required by C.R.C.P. 120(d)[1] and thereafter entered an order authorizing the sale. Tusco then moved in the Rule 120 proceeding for attorneys' fees and costs in the amount of $300,000.00.

On October 18, 1982, Bakers Park filed a separate action against Tusco and Catherine Martinez, Public Trustee of San Juan County, seeking a declaratory judgment of the parties' rights under the promissory note and deed of trust involved in the Rule 120 proceeding, including a judgment that Tusco was not entitled to attorneys' fees under the deed of trust. Bakers Park moved to consolidate Tusco's motion for attorneys' fees in the Rule 120 proceeding with its action seeking declaratory and injunctive relief, and to continue the attorneys' fees hearing until after a ruling had been made on Bakers Park's motion for a preliminary injunction. The respondent district court denied Bakers Park's motion and determined that it had jurisdiction to decide the amount of attorneys' fees due Tusco in the Rule 120 proceeding. Bakers Park then brought this original proceeding claiming that the district court was proceeding without jurisdiction or in excess of its jurisdiction under C.R.C.P. 120.

Bakers Park argues that the determination of whether attorneys' fees can be recovered and the amount that is due is not within the permissible scope of a Rule 120 proceeding. We agree. C.R.C.P. 120(d) limits the issues to be considered at a Rule 120 hearing:

(d) **Hearing; Scope of Issues; Order; Effect.** At the time and place set for the hearing or to which the hearing may have been continued, the court shall examine the motion and the responses, if any, and shall hear such testimony as may be offered. The scope of inquiry at such hearing shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues of which consideration may be required by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. The court shall determine whether there is a reasonable probability that such default or other circumstance has occurred, and whether an order authorizing sale is otherwise proper under said Soldiers' and

---

1. The Rule 120 action was transferred from the San Juan County district court to the Denver district court on September 22, 1982.

Sailors' Civil Relief Act, as amended, and shall summarily grant or deny the order in accordance with such determination. Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment; the granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the movant in the premises.

The purpose of Rule 120 is to implement the statutory public trustee foreclosure system. *See* section 38–37–101, *et seq.*, C.R.S. 1973 (1982 Repl.Vol. 16A). In 1975, the Committee on Revision of Rule 120 found the statutory remedy "economical and efficient" and advised against permitting complex issues to be raised in a Rule 120 proceeding. Legislative History: C.R.C.P. Rule 120, 8 *Colorado Lawyer* 785, 787 (1979). The Committee specifically considered whether attorneys' fees should be included within the issues considered at a Rule 120 hearing and decided that the issue was "beyond the proper scope of the Rule." *Id.* at 791.

Rule 120(d) expressly reserves the right of aggrieved parties to seek appropriate injunctive relief without regard to the court's having granted a motion for an order of sale.[2] In *Boulder Lumber Co. v. Alpine of Nederland,* 626 P.2d 724 (Colo. App.1981), the Court of Appeals held that the determination of lien priorities was out-side the scope of inquiry at a C.R.C.P. 120 hearing and that such an issue was properly raised in an ancillary proceeding for injunctive relief. 626 P.2d at 725. *See also Dews v. District Court,* 648 P.2d 662 (Colo.1982).

■ Notwithstanding the narrow scope of a Rule 120 proceeding, Tusco contends that the deed of trust authorized the court to decide the attorneys' fees issue in the Rule 120 proceeding. In fact, the deed of trust contemplated that reasonable attorneys' fees would be allowed by the public trustee in the event that foreclosure was made by the trustee, as it was in this case.[3] Tusco cites several cases in support of its position that a Rule 120 court properly may enter an order awarding attorneys' fees to the foreclosing party. Each of these cases involved foreclosure of a mortgage through a court rather than foreclosure through the public trustee.[4] Section 38–37–101 recognizes this critical distinction and the differing procedures which flow from it: " . . . Any deed of trust that names any other person [than the public trustee] as trustee therein shall be deemed and taken to be a mortgage and foreclosed only as mortgages are foreclosed in and through the courts." When a deed of trust is foreclosed as a mortgage, the court may award attorneys' fees. Section 38–38–106, C.R.S.1973 (1982 Repl.Vol. 16A). Here, however, foreclosure is to be through the public trustee, and the court does not have jurisdiction at the initial default hearing to consider attorneys' fees.

**2.** The narrowly circumscribed scope of a Rule 120 proceeding does not preclude the court from retaining supervisory jurisdiction over the proposed foreclosure for purposes of ensuring that due process is accorded to the parties. *Princeville Corp. v. Brooks,* 188 Colo. 37, 533 P.2d 916 (1975); *see also* Legislative History: C.R.C.P. 120, 8 *Colorado Lawyer* 785 (1979).

**3.** Paragraph seven of the deed of trust provides:
"7. That in the event foreclosure is made by the Trustee, attorneys' fees for services in the supervision of said foreclosure proceedings in a reasonable amount shall be allowed by the Trustee as part of the cost of foreclosure. In the event foreclosure is made through the Court, attorneys' fees in the amount deter-mined by the Court to be reasonable shall be taxed by the Court as part of the costs in such foreclosure proceedings."
· *See also* section 38–39–118(2), C.R.S.1973 (1982 Repl.Vol. 16A).

**4.** *Mountain Refining Co. v. Heald,* 112 Colo. 113, 146 P.2d 992 (1944); *Denver Lumber and Mfg. Co. v. Capitol Life Ins. Co.,* 96 Colo. 21, 39 P.2d 1036 (1934); *Gertner v. Limon National Bank,* 82 Colo. 13, 257 P. 247 (1927); *Borcherdt v. Favor,* 16 Colo.App. 406, 66 P. 251 (1901). In some circumstances deeds of trust executed to the public trustee may be treated as mortgages and foreclosed by judicial proceedings. *Neikirk v. Boulder National Bank,* 53 Colo. 350, 127 P. 137 (1912).

Finally, Tusco argues that C.R.C.P. 54 gives the court in a Rule 120 proceeding the authority to award attorneys' fees as costs. Rule 54 authorizes the allowance of costs to the prevailing party in a court-ordered judgment and defines "judgment" as "a decree and order from which an appeal lies."[5] Because a statutory public trustee foreclosure does not involve foreclosure through the court, and because there is no appeal from the limited order of a Rule 120 court on a motion authorizing the public trustee to conduct a foreclosure sale, Rule 54 is inapplicable.

The rule is made absolute.

---

**5.** Rule 54 provides, in part:

"(a) **Definition; Form.** 'Judgment' as used in these rules includes a decree and order to or from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings. . . .

(d) **Costs.** Except when express provision therefor is made either in a statute of this state

or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the state of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within five days thereafter, the action of the clerk may be reviewed by the court."