No. 19,065.

MAX D. HASTINGS AND LULU MAE HASTINGS *v.*
SECURITY THRIFT & MORTGAGE COMPANY, ET AL.
(357 P. [2d] 919)

Decided December 19, 1960.   Rehearing denied January 9, 1961.

Mr. WILLIAM PEHR, for plaintiffs in error.

Messrs. QUIAT, SEEMAN & QUIAT, Mr. L. A. HELLERSTEIN, Mr. WILLIAM F. SCHENKEIN, for defendant in error Security Thrift & Mortgage Company.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

WE will refer to plaintiffs in error as the Hastings; to

defendant in error Security Thrift & Mortgage Company as Security, and to Ben H. Tyler as Public Trustee. The record and stipulated facts disclose that Security held a deed of trust on certain real estate in Adams County, Colorado, to secure an indebtedness of the Hastings. The deed of trust being in default, Security filed in the Denver District Court a motion under Rule 120, R.C.P. Colo., to authorize the Public Trustee of Adams County to sell the real estate, alleging that all interested parties "are not in, or have not been ordered to report for induction" in the military service of the United States, or of any nation with which the United States was or may be allied in the prosecution of any war in which the United States was or is engaged; that the interested parties are gainfully employed in civilian pursuits. The usual order was prayed for.

Notices were issued and mailed, whereupon the Hastings filed a motion to change the venue of the District court proceeding to Adams County. The motion was overruled and an order authorizing the Public Trustee to proceed with the sale of the real estate was entered. The property was sold and a Public Trustee's deed issued. The Hastings are here by writ of error, asserting that the proceedings under Rule 120 are governed by Rule 98 (a), R.C.P. Colo., respecting venue.

In the agreed statement of facts it appears that neither of the Hastings were or had been in the military service. Rule 120 provides:

"Whenever by law an order of court is required authorizing a sale under a power of sale contained in an instrument, any interested person may file a motion verified by the oath of such person or of someone in his behalf, *in any court of record* asking for such order; such motion shall describe * * *." (Emphasis supplied.)

■ It is manifest from the language of the rule that the Denver district court was authorized to enter the order directing foreclosure. There is no requirement that such proceedings be filed in the county where the

property affected is located. The purpose of the rule being only to establish the status of the debtor with respect to military service and is in no sense an adversary proceeding as is manifest from subsection (c) of the rule which provides: "No motions or pleadings shall be required or permitted to be filed by anyone other than the person who filed the motion for the order authorizing the sale."

Proceedings under Rule 120 are designed to afford holders of notes secured by deeds of trust, means of avoiding questions of marketability of title derived from sales thereunder. Here it is manifest that the Hastings were not and had not been in the military service. The sale by the public trustee could have proceeded without reference to Rule 120, without prejudice to the Hastings.

The matter not being an adversary proceeding in which the court determines issues and enters a final judgment, no writ of error will lie to review the same.

The writ of error is dismissed.

MR. JUSTICE HALL and MR. JUSTICE DAY concur.