## No. 26685

**Princeville Corporation v. John Brooks, Judge of the District Court in and for the City and County of Denver, State of Colorado**

(533 P.2d 916)

Decided March 10, 1975. Opinion modified and as modified rehearing denied April 14, 1975.

Rodden and Woods, Richard A. Francis, for petitioner.

Grant, Shafroth, Toll and McHendrie, P.C., Charles H. Haines, Jr., for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by petitioner Princeville Corporation (Princeville) for a writ in the nature of mandamus requiring the respondent district court to show cause why it should not authorize foreclosure by the public trustee in accordance with C.R.C.P. 120. We now discharge the rule.

Princeville holds a deed of trust secured by a promissory note executed by Meridian Properties (Meridian). The land thus encumbered comprised approximately 60 acres, platted and subdivided to permit sale of individual lots. The deed of trust contains a power of sale clause.

Meridian has sold lots to separate owners. Many have separate mortgages on their individual plots. None of the lot owners assumed or agreed to pay the deed of trust.

Wishing to recover Meridian's unpaid balance due by foreclosure through the public trustee, Princeville gave its notice of election and demand. Section 38-37-113, C.R.S. 1973. In addition, to comply with the Soldiers' and Sailors' Civil Relief Act of

1940 (the Act), Princeville invoked the jurisdiction of the district court under C.R.C.P. 120 for a confirmatory order authorizing the sale, and sent notices to each of the plot owners. At the Rule 120 hearing, Meridian and several lot owners appeared in opposition to Princeville. In view of the proscription of Rule 120(c), they filed no pleadings. However, the court received an affidavit in lieu of testimony from an officer of Meridian, and heard other testimony.

Based thereon the court made rather detailed findings of fact and conclusions of law and ruled that the proposed foreclosure was not one of isolated ownership; rather it was multi-partied and very complicated. Jurisdiction was retained on a holding that the court would be required to adjudicate the rights of each property owner.

In short the trial court found that Rule 120 is broad enough in language and scope to invoke the jurisdiction of a court in equity when that is necessary to align and protect the rights of the respective parties before it. Petitioner, on the other hand, insists that the district court under Rule 120 can only hear and determine whether a party is in the military service.

C.R.C.P. 120 reads in pertinent part:

"(a) *Motion and Notice.* Whenever by law an order of court is required authorizing a sale under a power of sale contained in an instrument, any interested person may file a motion verified by the oath of such person . . . asking for such order; . . . .

"(b) *Sales of Real Estate.* Provided, however, that when the property to be sold is real estate and the power of sale is contained in a deed of trust to a public trustee, the motion need state the names of only those persons who were the grantor, or grantors, in such deed of trust and those persons who appear to have acquired a record interest in such real estate, subsequent to the recording of such deed of trust, whether by deed, mortgage, judgment or any other instrument of record, . . . .

"(c) *Hearing and Order.* No motions or pleadings shall be required or permitted to be filed by anyone other than the person who filed the motion for the order authorizing the sale. At the time and place set for the hearing . . . the court shall examine such affidavits as may have been filed and hear such testimony as

may be offered and shall then summarily determine the motion and . . . enter an order accordingly . . . ."

■ We are well aware that the original purpose of Rule 120 was to establish the status of the debtor with respect to military service. The rule therefore was made a part of our civil procedure to comply with the then recently enacted Federal Soldiers' and Sailors' Civil Relief Act of 1940, now 50 U.S.C. App. § 501 *et seq. See Hastings v. Security Thrift & Mortgage Co.,* 145 Colo. 36, 357 P.2d 919 (1960); *Whitaker v. Hearnsberger,* 123 Colo. 545, 233 P.2d 389 (1951).

The broad purpose of the Act was to avoid prejudice to the civil rights of persons in military service. However, merely because compliance with the Act was the original impetus for the rule does not forever chisel its construction into stone. Times have changed and with them an evergrowing awareness of what is required to conform to due process by a court.[1] The rule is broad enough to comport with the modern trend to restrict *ex parte* taking of property without a hearing. Upon reading through the Rules of Civil Procedure, we find there is no comparable protection afforded others as that allegedly given only to the military under Rule 120.

■ One traditional duty of a court of equity is to safeguard the interest of a mortgagor in the foreclosure of his equity of redemption. *Handy v. Rogers,* 143 Colo. 1, 351 P.2d 819 (1960). So in the instant case, serious prejudice might result from a summary adjudication of military status only. Therefore the district court was perfectly correct in considering other facts during the Rule 120 hearing. The judge properly held that the proposed foreclosure should be supervised through judicial proceedings rather than through the public trustee.

■ Therefore we hold that a Rule 120 hearing may be used to determine, if the circumstances warrant, whether there are factors in addition to military status which require the court to retain a

---

[1]*See generally North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

supervising jurisdiction. No opportunity exists in foreclosure proceedings by the public trustee for defining those possible factors. Thus it would seem to be far safer and more prudent to enlist judicial supervision of the process from the beginning, rather than to untangle a knotted summary decree at some later date.

. The rule is discharged.