## No. 27324

**The Valley Development at Vail, Inc., and C.S.R.A. Capital Corporation v. Hugh R. Warder, Judge of the District Court in and for the County of Eagle, State of Colorado**

(557 P.2d 1180)

Decided December 27, 1976.

Fairfield and Woods, Charles E. Matheson, for petitioners.

Morrato, Gueck & Colantuno, P.C., James J. Morrato, Joseph F. Colantuno, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The Valley Development at Vail, Inc., and C.S.R.A. Capital Corp., petitioners, seek relief in the nature of mandamus and prohibition from orders of the Honorable Hugh R. Warder, Eagle County District Court judge and respondent, authorizing sale by the public trustee of real property owned by Valley Development. We issued our rule to show cause and, after considering the merits, we now make the rule absolute.

Valley Development executed two deeds of trust in favor of Bankers Trust Company of New York on real property owned by Valley Development in Eagle County, as security for construction loans from Bankers Trust Company. C.S.R.A. Capital Corp., a Georgia corporation, agreed to subordinate its prior interest in the land to Bankers Trust. The two deeds of trust, dated June 19, 1973, contained the usual provisions that upon default by the grantor the beneficiary could declare a violation of the trust deed covenants, and file notice of election and demand for sale with the public trustee, who would then sell the property under the powers of sale vested in him by the deeds of trust.

318

On June 11, 1976, Bankers Trust, claiming default on the loans, filed notices of election and demand with the public trustee under section 38-37-113, C.R.S. 1973 (1975 Supp.), and filed motions for orders authorizing sale with the district court under C.R.C.P. 120.[1] In addition, Bankers Trust applied for appointment of a receiver to manage the properties pending foreclosure.

At the C.R.C.P. 120 hearing on July 16, 1976, petitioners asserted that the summary *ex parte* foreclosure procedure deprived them of property without due process of law. Petitioners contend that Bankers Trust must show its entitlement to foreclosure at an adversary hearing at which petitioners may appear, participate, and contest the matters therein asserted.

The district court declined to hear this argument, ruling that "the only issue is whether or not there are persons in the military service who are entitled to notice and hearing before a default is entered * * *." Finding none, the court entered orders authorizing sale of the property.

A hearing on Bankers Trust's application for receivership followed. Extensive evidence was taken concerning deterioration of the improvements on the subject properties. Thereafter, the court granted the motion and appointed a receiver who was acceptable to both parties.

Petitioners then filed motions to vacate the C.R.C.P. 120 orders of sale and the order appointing the receiver. After further hearing, these motions were denied.

In this proceeding, petitioners seek relief from the orders authorizing sale of the subject properties and a stay of further proceedings under the C.R.C.P. 120 foreclosure. Petitioners do not, however, seek relief from the order appointing the receiver to manage the properties pending further proceedings.

At the time of the court's rulings, *Princeville Corp. v. Brooks*, 188 Colo. 37, 533 P.2d 916, had been announced by this court. The trial court misapprehended the thrust of *Princeville* and narrowly construed it as limited to the fact situation there involved. In *Princeville* we were concerned more broadly with the constitutional requirements of due process. We held there that C.R.C.P. 120 "* * * is broad enough to comport with the modern trend to restrict *ex parte* taking of property without a hearing." Subsequently, C.R.C.P. 120 was repealed and readopted, effective October 1, 1976, to provide for due process safeguards to one who challenges the entitlement to foreclose a deed of trust containing a power of sale to the public trustee. Such was the principle which we hold was applicable to the instant foreclosure proceeding.

---

[1] Substantially amended August 26, 1976.

We deem it appropriate that petitioners here receive the protections of *Princeville* and that the procedures as now provided under amended C.R.C.P. 120 be followed by the parties and the court.

▪ It is argued on behalf of respondent that in fact "* * * petitioners were accorded the opportunity to have and did, in fact, receive a due process hearing." In support of this argument, respondent points to the hearing on Bankers Trust's application for receivership, at which substantial testimony was heard.

We do not agree that the receivership hearing provided petitioners with an effective opportunity to be heard on the issue of foreclosure. The record is clear that respondent district court judge limited the C.R.C.P. 120 hearing, which preceded the receivership hearing, to the question of the debtor's military status. It is also clear that the receivership hearing occurred *after* the court had entered its orders authorizing sale of the property described in the deeds of trust. On these facts, petitioners had no opportunity to be heard at a meaningful time or in a meaningful manner concerning the matters constituting the alleged defaults, which are apparently challenged, particularly as to the details of the accumulated indebtedness alleged to be in default. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556.

It is ordered that the orders heretofore entered authorizing the sale of the subject properties shall be vacated and that petitioners be permitted to file a response pursuant to C.R.C.P. 120(c). Appropriate discovery shall be available to the parties, relative to the alleged defaults, and a hearing shall be held as required by C.R.C.P. 120(d).

Rule made absolute.

MR. JUSTICE ERICKSON does not participate.