MR. JUSTICE GROVES
delivered the opinion of the Court.
This case involves foreclosure through the public trustee of a deed of trust given by the plaintiffs-appellants to secure an indebtedness payable to the defendants-appellees. The defendants purchased at the public trustee’s sale. The trial court found that the defendants had failed to comply with section 38-39-118, C.R.S. 1973 in the sale procedure. This noncompliance involved failure to give timely notice of the requirements for cure by the plaintiffs; and also, when notice was finally given, a demand was made for unreasonable attorney’s fees and unreasonable and incorrect interest charges.
The trial court held that the plaintiffs had failed to carry the burden of proof as to damages but should be given an opportunity to cure their default under the original obligation. Thus the trial court ordered that the plaintiffs be given 30 days after the date of the judgment to cure the default by paying the installment of principal due, the interest due, reasonable attorney’s fees, and various other foreclosure costs. The trial court ordered that if the plaintiffs did not cure within the time allowed, title was to be quieted in the defendants. The plaintiffs did not cure by paying these sums, but rather the Colorado Court of Appeals granted a stay of this judgment provided that plaintiffs file a bond. The bond was filed.
*159 This court accepted jurisdiction from the court •. i ^als since plaintiffs have challenged the constitutionality of the trustee sale statute. The plaintiffs contend that they have been deprived of property without due process of law by virtue of the fact that at the time this sale took place the only prior hearing provided by law was as to military status under Rule 120. This sale took place before this court’s decision in Princeville Corp. v. Brooks, 188 Colo. 37, 533 P.2d 916 (1975), and before the amendment to Rule 120, effective October 1, 1976, which provides for a hearing encompassing issues beyond military status. See Valley Development at Vail, Inc. v. Warder, 192 Colo. 316, 557 P.2d 1180 (1976).
The plaintiffs in this case did not appear at the Rule 120 hearing and thus the constitutional question is not properly justiciable. We do not wish to speculate as to whether the court, if requested, would have refused to grant plaintiffs a sufficient hearing to insure them due process of law.
There is no statutorily prescribed remedy for failure to comply with the statute. See Storke & Sears, Enforcement of Security Interests in Colorado, 25 Rocky Mountain Law Review 1, 23-25 (1952). Thus the trial court has fashioned an equitable remedy.
We find no abuse of discretion. Allowing the plaintiffs 30 days to cure their default is adequate relief from defendant’s errors. As a comparison, the statute requires only 45 days between the date of filing the notice of election and the sale. Section 38-39-117, C.R.S. 1973. If 45 days from initiation is adequate, it would seem that 30 days at this stage of the proceedings is also adequate.
We find that the remedy fashioned by the trial court affords plaintiffs sufficient relief from defendant’s non-compliance with the statute to avoid being an abuse of discretion. Thus, on remand, plaintiffs shall have 30 days in which to cure their default and if they do not do so, title is to be quieted in the defendants.
Judgment affirmed and cause remanded with directions to proceed in a manner consonant with the views expressed in this opinion.
MR. JUSTICE LEE does not participate.