**Jimmie D. ARNOLD and Juanita Arnold, Plaintiffs-Appellees and Cross-Appellants,**

v.

**Richard G. GEBHARDT, Public Trustee of the County of Boulder, State of Colorado, Defendant-Appellee and Cross-Appellee,**

**and**

**Thomas Harvey Thompson, Jr. and Claudia Lee Thompson also known as Claudia L. Thompson, Defendants-Appellants and Cross-Appellees.**

No. 78–889.

Colorado Court of Appeals, Division I.

Dec. 6, 1979.

Newcomer & Douglass, William A. Ahlstrand, Boulder, for plaintiffs-appellees and cross-appellants.

Hutchinson, Black, Hill, Buchanan & Cook, Forrest E. Cook, Boulder, for defendant-appellee and cross-appellee.

Law Offices of William Pehr, David W. Pehr, Westminister, for defendants-appellants and cross-appellees.

SILVERSTEIN, Judge.

Plaintiffs, Jimmie D. Arnold and Juanita Arnold, filed an action against the Public Trustee of Boulder County and Thomas H. Thompson and Claudia L. Thompson seeking to have the public trustee's foreclosure sale set aside or to have the period of time for redemption extended. The trial court entered a final judgment allowing plaintiffs additional time in which to redeem their property. The Thompsons appeal, contending, *inter alia*, that the trial court made erroneous findings of fact and that the trial court erred in providing equitable relief after the expiration of the statutory redemption period. Plaintiffs cross-appeal against the public trustee. We affirm.

In 1975, the Arnolds executed a deed of trust on the subject property to secure payment of a promissory note to the United Bank of Broomfield. The property is used by the Arnolds to conduct an iron welding business from which they earn their livelihood. The Arnolds defaulted on the note, and the bank commenced a foreclosure proceeding with the public trustee's office in February 1978. The foreclosure sale was held on April 4, 1978, and the Thompsons submitted the highest bid for the property. At the time of the sale, the public trustee made an initial determination that a six-month redemption period was applicable to the property and the office file was marked accordingly.

In April 1978, the Arnolds employed a real estate agent and asked him to place their property on the market. In furtherance of that objective, the agent contacted the public trustee's office in early May 1978 and inquired as to the redemption period for the property in the foreclosure proceeding. A deputy public trustee advised the agent that the redemption period was 180 days and that the date for redemption was October 4, 1978. The agent informed the Arnolds of his phone conversation with the public trustee's office and advised them

that they had until October 4, 1978, to redeem the property.

Around June 16, 1978, the public trustee, after consulting with his attorney, determined, contrary to his initial opinion, that the subject property was non-agricultural and that the 75-day redemption period as provided in § 38–39–102, C.R.S.1973, was applicable. On June 20, 1978, a public trustee's deed was issued to the Thompsons.

The Arnolds first learned that the public trustee's deed had been issued on June 23, 1978. On June 26, 1978, the Arnolds filed their complaint for equitable relief alleging that the six-month period of redemption was applicable because the property was agricultural and that they had relied upon the public trustee's statements to their agent that the redemption period was six months. They further alleged that the public trustee failed to give them proper notice of their redemptive rights, and prayed that the sale should be set aside for gross inadequacy of price.

A hearing on the Arnolds' motion for preliminary injunction was held. At the conclusion of the hearing, the parties agreed that the trial court should enter a final judgment on all issues except plaintiffs' claims for damages, because no additional evidence would be offered at a trial on plaintiffs' claim for a permanent injunction.

The trial court ruled that the 75-day redemption period was applicable to the property and dismissed plaintiffs' claims against the public trustee. The court further ruled that the plaintiffs had established a compelling case for the invocation of the court's equitable power to extend the redemption period and granted plaintiffs an additional 27 days in which to redeem the property by depositing the full price paid by the Thompsons plus all incidental costs and expenses into the registry of the court. The plaintiffs deposited the necessary sums within the time allotted, and, in a post-judgment order, the trial court ordered the Thompsons to convey title to the property to the plaintiffs. The court also dismissed without prejudice the plaintiffs' claim for damages.

■ The Thompsons' first contention is that the trial court erred in finding that the plaintiffs acted in reliance on the public trustee's statement that the applicable statutory redemption period for the property was six months. There is sufficient competent evidence in the record to support this finding. Jimmie Arnold testified that on the date of the foreclosure sale, Mr. Thompson stopped in to say that he had bid on the property and that he would be willing to rent it to the Arnolds. Jimmie Arnold declined the offer and stated he was planning to redeem the property. Before and after the foreclosure sale, Jimmie Arnold had been in contact with the First National Bank of Lafayette concerning a loan to redeem the property, and he had received an oral commitment. He further stated that he did not take steps to finalize the loan or redeem the property in May because he thought, based upon his real estate agent's conversation with the public trustee's office, that he had until October 4, 1978, to do so. Juanita Arnold also testified that she believed they had until October 4, 1978, because the agent had so informed them and that they would have redeemed the property with bank financing if they had known the redemption period was 75 days.

■ The Thompsons further dispute the grant to plaintiffs of an extension of time in which to redeem their property. Acknowledging the trial court's equitable power, in some instances, to extend the statutory period of redemption, the Thompsons contend that such power does not arise absent a showing of fraud, deceit, or collusion on the part of a third-party purchaser at a foreclosure sale. We disagree. "It is the traditional duty of a court of equity to safeguard the interests of a mortgagor in the foreclosure of his equity of redemption." *Handy v. Rogers*, 143 Colo. 1, 351 P.2d 819 (1960).

The equitable extension of a redemption period beyond the statutory period in foreclosure proceedings is not confined to circumstances of fraud, deceit, or collusion,

but may also be granted where the holder of the right to redemption relies on erroneous information given him by the public officer conducting the sale. *Hamilton v. Hamilton*, 51 Mont. 509, 154 P. 717 (1916). *See Burrell Registration Co. v. McKelvey*, 194 Colo. 157, 570 P.2d 248 (1977); *Kimtruss Corp. v. Westland Manor Nursing Home North, Inc.*, 39 Colo.App. 542, 568 P.2d 105 (1977).

■ The Thompsons also challenge the trial court's finding that the sales price at the foreclosure sale was grossly inequitable. On uncontradicted evidence, the trial court found that the fair market value of the property was $80,000 and that the sale price of $32,200 was inadequate.

The trial court concluded that the inadequacy of price, standing alone, did not warrant setting aside the sale, but considered it merely one of the factors which required the court to employ an equitable remedy for the plaintiffs. We agree.

The trial court based the exercise of its equity power upon the mistake of the public trustee which misled the Arnolds as to their redemptive rights, *see Holt v. Mitchell*, 96 Colo. 412, 43 P.2d 388 (1935), coupled with the inadequate sales price. *See Handy v. Rogers, supra.* We concur with the trial court's determination that, under the circumstances at issue here, extension of the period of redemption was the appropriate remedy to rectify the inequities presented.

The Thompsons' remaining issues on appeal are without merit. Because we affirm the trial court's order and the Arnolds have indicated their satisfaction with the relief granted, we do not address the issues raised against the public trustee on cross-appeal.

Judgment affirmed.

COYTE and KELLY, JJ., concur.