Bobbie L. MORELAND and Elizabeth K. Moreland, Plaintiffs-Appellees,

v.

MARWICH, LTD., a Colorado Corporation, Defendant-Appellant,

and

Platte Valley Bank, Brighton, Colorado; and Judith A. Kahle, Public Trustee of the County of Adams, State of Colorado, Defendants.

No. 80CA0785.

Colorado Court of Appeals, Div. II.

Feb. 26, 1981.

Rehearing Denied March 12, 1981.

Certiorari Granted June 8, 1981.

Reckseen & Lau, P. C., Joel Judd, Northglenn, for plaintiffs-appellees.

David A. Sensensy, Englewood, for defendant-appellant.

VAN CISE, Judge.

Defendant Marwich, Ltd., appeals an order setting aside public trustee deeds and dismissing Marwich's forcible entry and detainer action (FED) against plaintiffs Bobbie L. and Elizabeth K. Moreland. We reverse.

The Morelands executed two deeds of trust on their residential property to secure promissory notes payable to Platte Valley Bank (the bank). The notes became in default. In July 1979, the bank commenced foreclosure proceedings by filing with the defendant public trustee notices of election and demand for sale of the property and, pursuant to C.R.C.P. 120, filed with the district court motions for authorization for public trustee sales.

The Morelands filed timely responses to the motions, setting forth, as a defense, that the bank's action in initiating foreclosure was in violation of its agreement with them to refinance or to obtain for the Morelands from other lenders long-term financing in lieu of the present short-term loans held by the bank. At the hearing on August 16, 1979, the court refused to consider the defense raised in the responses, ruling that the only issues to be determined were whether the owners were in the military service and whether the debts were in default. Since there was no dispute that the money had not been paid and no claim of military service had been made, orders authorizing sale were entered. However, they were stayed for ten days to permit the Morelands to file an independent action if they so desired and, in such action, to ask the court to enjoin the sale.

The Morelands did not file a separate action at that time, and the public trustee sold the properties on September 12 to the bank for the amount owing on the notes, plus interest, costs, and attorney's fees, a total of $20,302.58. The owners did not redeem within the 75 day redemption period expiring November 26. Marwich, a junior lienholder, redeemed from the bank, paying the bank's purchase price plus accrued interest, and, on December 7, received public trustee's deeds to the property.

On December 12, Marwich initiated an FED proceeding in the county court against the Morelands to obtain possession of the property occupied by them as a residence. In response, the Morelands commenced the present action in the district court. The FED action was certified to the district court and the two cases were consolidated.

The plaintiffs' complaint raised a number of issues, but, because of a pre-trial stipulation, the only ones remaining for determination were whether they had been denied due process in the C.R.C.P. 120 proceedings and whether the amount bid for the property was unconscionably low, the property being stipulated to be worth $100,000, subject to a first deed of trust in the amount of about $5,000 that was not in default. The Morelands asked for the public trustee sale to be declared null and void, the redemption and the deeds to be set aside, and for an order granting the Morelands a reasonable time within which to cure or redeem.

After trial, the court, on March 17, 1980, found that the grounds claimed had been established and were sufficient to warrant the exercise of the court's equity jurisdiction to provide a reasonable extension of

the period of redemption. *See Arnold v. Gebhardt,* Colo.App., 604 P.2d 1192 (1979). It reasoned that the grant of that relief would not affect (1) the public trustee, (2) the bank, since it had been fully paid, or (3) Marwich, since on redemption it would receive back its full payment with statutory interest. What would be affected is Marwich's potential for a large unearned windfall profit arising from the disparity between what Marwich paid and the actual value of the property. The court then granted the Morelands 30 days from the date its order became a final judgment within which to redeem. On April 8, after the Morelands had deposited the redemption amount with the public trustee, the court directed the redemption money to be paid over to Marwich, dismissed the FED action, and set aside the public trustee deeds. Marwich appeals the March 17 and April 8 orders.

### I.

■ In the C.R.C.P. 120 hearing on the bank's motions for orders authorizing sale, the court should have allowed the Morelands to be heard on the issue raised in their responses. This went to the question of whether, under the circumstances, there was any default and, therefore, was within the scope of inquiry specified in C.R.C.P. 120(d). Had the court, without more, ordered the sale, it would have been a denial of due process as contended by the Morelands and held by the trial court in the instant case (through a different judge). *See Valley Development at Vail, Inc. v. Warder,* 192 Colo. 316, 557 P.2d 1180 (1976); *Princeville Corp. v. Brooks,* 188 Colo. 37, 533 P.2d 916 (1975).

However, the court in the C.R.C.P. 120 hearing granted the Morelands a ten-day stay of execution to permit them to file an independent action if they wished to do so. Also, the court indicated it would listen, at that time, if they wished to ask for a restraining order extending it further. It view of this, we see no denial of due process. The Morelands were given the opportunity to be heard on their contention before the sale, but did not take advantage of it.

### II.

At least 60 days prior to the expiration of the redemption period, the Morelands were informed of the proper amount required to redeem the property from the sale. They did not redeem.

Only after the sale had been held, the redemption period had expired, and the public trustee deeds had been issued, and after service of summons in the FED action brought by the grantees of those deeds, did the Morelands take action to protect their property. There was no claim of fraud or irregularity in connection with the foreclosure proceedings. Their main contention for relief was that the property, bid in at sale for the amount owing thereon, was worth three times as much as the price paid.

■ There is nothing improper in a foreclosing creditor bidding in the amount of its debt. *Rowe v. Tucker,* 38 Colo.App. 532, 560 P.2d 843 (1977). And, when he is not seeking a deficiency judgment, and bids the full amount of the debt, he is not required to bid the fair market value of the property. *Hawthorne v. Assured Premiums Corp.,* 472 P.2d 715 (Colo.App.1970) (not selected for official publication). *Cf. Chew v. Acacia Mutual Life Insurance Co.,* 165 Colo. 43, 437 P.2d 339 (1968); *Handy v. Rogers,* 143 Colo. 1, 351 P.2d 819 (1960).

■ In considering the exercise of equity jurisdiction, the court may take into account a disparity between the market value and the purchase price paid at the foreclosure sale. However, that element is not controlling and, standing alone, is not sufficient cause for setting aside a sale. *Chew v. Acacia Mutual Life Insurance Co., supra; Arnold v. Gebhardt, supra.* Equity aids one who has been vigilant, not one who has slept on his rights. *People v. District Court,* 87 Colo. 316, 287 P. 849 (1930). *See Fitzwater v. Norcross,* 95 Colo. 527, 37 P.2d 522 (1934). Under the circumstances here, where the Morelands could have redeemed but did not, where the bid was for the full amount due to the creditor, and where no deficiency judgment was sought, there was no justification for the additional relief granted.

The orders are reversed and the cause is remanded with directions (1) to dismiss the Moreland's complaint, (2) to order the return to the Morelands of all the money previously paid by them to redeem the property from Marwich, (3) to enter an order granting Marwich possession as sought in the FED action, and (4) to consider and rule on any claim of Marwich against the Morelands for use and occupancy of the subject property.

PIERCE and KELLY, JJ., concur.