648 P.2d 662 (1982)
John William DEWS, Petitioner,
v.
DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Judge John Brooks, Jr., a Judge thereof, Respondent.
No. 82SA68.
Supreme Court of Colorado, En Banc.
July 26, 1982.
Donald P. MacDonald, Rhett K. Dacus, Hornbein, MacDonald, Fattor & Buckley, P.C., Denver, for petitioner, John William Dews.
Jack W. Berryhill, Roth & Brega, P.C., Denver, for petitioner, Julianna Dews.
Bruce Campbell, Davis, Graham & Stubbs, P.C., Denver, for respondent, Colorado Nat. Bank.
LEE, Justice.
John William Dews petitions this court for relief in the nature of prohibition and mandamus pursuant to C.A.R. 21. We issued our rule to show cause and now make the rule absolute.
Petitioner and his former wife, Julianna Dews, were the owners of real property in Vail, Colorado which was encumbered by a deed of trust in favor of the Colorado National Bank of Denver (bank). The bank sought to foreclose the deed of trust through the public trustee for an alleged default in payment of the indebtedness secured thereby. Proceedings were commenced under C.R.C.P. 120 for an order *663 authorizing a sale by the public trustee under the power of sale contained in the deed of trust. The order was entered by the court over the objection of the petitioner, who contended that the notice provisions of Rule 120 had not been complied with and that the court improperly limited the scope of the Rule 120 hearing. The petitioner seeks to have this court prohibit the respondent court from proceeding further in the foreclosure; direct that the order authorizing sale be vacated; and require that a new notice be issued and a new hearing be granted petitioner under Rule 120 in accordance with the requirements thereof.
The issues for our consideration are whether the notice provisions of C.R.C.P. 120 were complied with by the clerk of the respondent court, and whether the trial court erred in limiting the scope of the Rule 120 hearing.

I.
The evidence established that on January 8, 1982 the clerk of the respondent court prepared the notice of the Rule 120 proceeding, which was set for hearing on January 25, 1982.[1] The clerk testified that she prepared her certificate of mailing the same day the notice was mailed, January 8. She described the routine office procedure of placing notices to be mailed into a collecting tray which was then carried to the receiving station for the United States Post Office either by a mail clerk or the office supervisor of the civil division of the court. She testified that she had followed standard procedures by placing the notices in the mail tray, but that she had no personal knowledge that the notices in question here were deposited into the U.S. Mail on that date. January 8 was a Friday, and there was evidence that the certificate the clerk prepared was dated and stamped on January 8, at 4:21 p.m., after the last regular mail pick up by the mail clerk on that date.
Other evidence disclosed that the notices were postmarked by the United States Post Office on January 11, 1982, the following Monday. The mailed notices were received by the petitioner in Denver on January 14 and by Julianna Dews at her home in Eagle County on Friday, January 15. The notice advised that objections to the motion must be filed by Monday, January 18, one week prior to the hearing set for January 25.[2]
The petitioner and Julianna Dews filed a response on January 18 in which they objected to the notice they received, claiming that the court clerk had failed to comply with the express language of Rule 120 that notice be mailed at least fifteen days prior to the hearing date.
The petitioner contends that the procedure followed in the district court was insufficient to ensure that the notices were mailed fifteen days in advance of the hearing. We agree. Had the notices been placed in the United States Mail on January 8th, the requirement of the rule would have been satisfied. However, if the notices had in fact been mailed on January 11only fourteen days prior to the scheduled hearingnotice of the proceedings would have been ineffective.
Although the rule states that "mailing and posting shall be evidenced by the certificate of the clerk," the certificate is not conclusive proof of compliance with the rule but only creates a presumption which may be rebutted with evidence of non-compliance.
The court found that the evidence supported the clerk's certificate of mailing that the notices were in fact mailed on January 8th. In our view, the evidence, which is essentially undisputed, does not support this finding. The evidence tended to establish that the clerk prepared the certificates of *664 mailing prior to the mailing without having actual knowledge that the notices in fact had been placed in the mail on the 8th. The mailing clerk did not testify. The supervisor of the civil division testified that either the mailing clerk or he (the supervisor) mailed the notices on January 8, although he had no specific knowledge as to who did the mailing on that date. It is not disputed that the notices were in fact tardily placed in the mail pickup tray by the mailing clerk after the last daily mail pickup. Of significance is the January 11th postmark which is three days after the date the notices were purportedly deposited.
The evidence indicated, according to the post office procedures then in effect, that had the notices been placed in the mail before 3:00 p. m. on January 8th, the time of the last daily pickup by the post office, they would likely have been postmarked January 8, 1982. Had they been mailed after 3:00 p. m. on January 8th, they would probably have been postmarked the next day, Saturday, January 9, 1982, since the post office customarily both delivered and picked up mail on Saturdays.
The clerk who executed the certificate of mailing in fact did not have knowledge that the notices were mailed on the date certified and the presumption of compliance with the mailing requirement of the rule was effectively rebutted by all of the circumstances, including the postmark of January 11, 1982.
The provisions of Rule 120 must be strictly complied with by one seeking foreclosure under a power of sale through the public trustee. The notice must be timely and the hearing must provide the allegedly defaulting party an "opportunity to be heard at a meaningful time or in a meaningful manner concerning the matters constituting the alleged defaults ..." Valley Develop. at Vail v. Warder, 192 Colo. 316, 319, 557 P.2d 1180, 1182 (1976). See also North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
The record of evidence in this case leads us to the conclusion that the requirements of the rule were not met. Because due process requires that the notice provisions must be strictly followed in foreclosure cases, we hold the order of the court authorizing the sale by the public trustee to be null and void and remand for further proceedings.[3]

II.
The petitioner also argues that the trial court erred when it limited the issues in the Rule 120 hearing to a consideration of the timeliness of the notice given by the clerk. We do not consider it necessary to discuss this issue in view of our disposition of the notice issue, other than to note the limitations as to the scope of inquiry found in the rule:
"The scope of inquiry [at the Rule 120 hearing] shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues of which consideration may be required by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended." Rule 120(d).[4]
If a response to the motion seeking sale under the public trustee's deed is timely filed, the court should conduct a hearing on the existence of the default, and other relevant issues if raised in the response. Princeville Corp. v. Brooks, 188 Colo. 37, 533 *665 P.2d 916 (1975); Valley Development v. Warder, supra.
The rule is made absolute.[5]
ERICKSON, J., does not participate.
NOTES
[1] The rule requires that the notice shall be mailed by the clerk to the interested parties "not less than 15 days prior to the date set for the hearing," and that "mailing and posting shall be evidenced by the certificate of the Clerk."
[2] As a result of the delay in mail delivery, the Dews had only three days and two days, respectively, to review the documents and prepare their response; two of those days were on a weekend.
[3] To avoid problems such as have arisen in this case, it would be prudent to adopt mailing procedures which would delegate to the clerk who actually does the mailing the responsibility of executing the "certificate of mailing," thereby assuring the integrity of this due process function in C.R.C.P. 120 proceedings.
[4] If no response to the motion is entered, the court may dispense with the hearing and determine the merits of the motion; if the court is satisfied upon reading the motion and the facts stated that the movant is entitled to an order authorizing sale, the court may authorize the sale. Rule 120(e).
[5] We elect not to address the issue whether Rule 120 as written complies with due process, inasmuch as the procedural requirements of the rule were not met in this case.