Terry E. **KIRCHNER** and Albert F. **Almeida, Petitioners,**

v.

The Honorable Judge John F. **SANCHEZ** of the Second Judicial District in and for the City and County of Denver, State of Colorado, Courtroom 8, Respondent.

No. 82SA134.

Supreme Court of Colorado, En Banc.

April 18, 1983.

---

1. The victim subsequently died from the injuries allegedly inflicted by the petitioner.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Cheryl A. Quadlander, Denver, for petitioners.

Meer & Meer, P.C., Robert Meer, Allen G. Reeves, P.C., Allen G. Reeves, Denver, for respondent.

HODGES, Chief Justice.

This is an original proceeding under C.A.R. 21 in which we issued a rule to show cause why the respondent district court should not terminate foreclosure proceedings because of the petitioners' tendered cure of the default. We make the rule absolute.

A foreclosure action was commenced in the respondent district court by James W. Pinkard as holder of a deed of trust covering three condominium units owned by the petitioners. The hearing required by C.R.C.P. 120 was set for February 25, 1982 and Pinkard obtained a sale date of March 9, 1982. Later, the Rule 120 hearing had to be postponed until March 12 and therefore Pinkard rescheduled the sale date for March 16, 1982.

Petitioners objected to this arrangement because it prevented them from exercising the right to cure granted by section 38–39–118, C.R.S.1973 (1982 Repl.Vol. 16A). They claimed that because the sale date was scheduled only four days after the Rule 120 hearing, they would not have enough time after the hearing and before the sale to give the seven-day notice of intent to cure authorized by subsection 38–39–118(1)(a). The district court agreed and granted their petition for a temporary restraining order vacating the March 16 sale date and staying all further foreclosure proceedings by the public trustee.

Despite the trial court's stay, Pinkard proceeded to arrange for a new sale date of March 30, 1982. Petitioners were able to make a timely cure with respect to this date by filing their notice of intent to cure on March 22 and depositing all amounts due and owing on the deed of trust. They then sought a preliminary injunction from the

district court terminating the foreclosure proceedings. This motion came on for hearing on March 25, 1982, at which time the district court denied it and ordered the public trustee to proceed with the foreclosure sale on March 30, 1982.

The petitioners in this original proceeding sought an order requiring the district court to grant their request for injunctive relief terminating all foreclosure proceedings. We issued a rule to show cause on March 30, 1982. In making the rule absolute we order the respondent district court to dismiss the foreclosure action and terminate all foreclosure proceedings by the public trustee.

The respondent district court at the preliminary injunction hearing improperly interpreted section 38–39–118 as cutting off the debtor's right to cure if his notice is not filed at least seven days before the sale date as *originally* scheduled. Here, the original sale date was March 2, 1982, but the notice of intent to cure was not filed until March 22. Thus, the respondent district court held that the petitioners were not in compliance with section 38–39–118 and consequently were not entitled to cure their default or terminate the foreclosure proceedings.

We hold that when the date of a foreclosure sale is postponed, this also postpones the deadlines set forth in the cure statute. Therefore, because petitioners gave notice seven days prior to the *rescheduled* sale date of March 30, 1982, and properly tendered their delinquent payments by that date, their cure was effective and the foreclosure proceedings against them should have been terminated.

This holding is in accordance with the liberal spirit and beneficial purposes sought to be accomplished by our cure statute. As explained in *Foster Lumber Company v. Weston Constructors, Inc.,* 33 Colo.App. 436, 521 P.2d 1294 (1974), the cure statute was enacted "to permit debtors to prevent foreclosure of mortgages or deeds of trust in instances in which the creditor's interests will not be jeopardized." It is therefore reasonable and appropriate to construe this statute in a manner that encourages a debtor to cure and prevents unduly harsh foreclosures. Consequently, we interpret its requirement that notice be given "at least seven days prior to the date the foreclosure sale *is held,*" to mean "seven days prior to the *actual,* not the *original,* sale date."

The primary objective to be achieved by our cure statute is the payment by the debtor of all delinquent principal and interest payments before the mortgaged property is sold. If this is done the creditor is not prejudiced and the debtor is able to protect his equity in the subject property. The seven-day notice requirement of section 38–39–118 is designed to give the public trustee and creditor enough time to compute the exact amount due and owing as of the date of sale, and thus there is no reason for not extending it when the foreclosure sale is postponed and rescheduled.

As ancillary to the main issue, we also hold that the district court properly entered a temporary restraining order vacating the March 16 sale date because it was less than seven days after the Rule 120 hearing. This issue will undoubtedly be involved in other foreclosure proceedings and therefore requires clarification.

■ We agree with petitioners' argument that a foreclosure sale should not be scheduled any sooner than seven days after the Rule 120 hearing in a case. Otherwise a creditor could, by scheduling the sale date right after the Rule 120 hearing, force the debtor to forego his statutory right to cure in order to obtain a meaningful hearing under Rule 120. The present case illustrates this problem. In order to comply with section 38–39–118, as interpreted by the respondent district court, petitioners would have had to file their notices of intent to cure by March 2, 1982, seven days before the original sale date of March 9. This they were undoubtedly reluctant to do because a notice of intent to cure is essentially an admission of default. Thus, before the Rule 120 hearing ever took place, they would have already admitted the very fact to be determined at the hearing. This defeats the whole purpose of the Rule 120

hearing, which is to subject a creditor's claim of default to judicial scrutiny in order to protect the debtor from egregious, *ex parte* foreclosures. *Valley Development at Vail v. Warder,* 192 Colo. 316, 557 P.2d 1180 (1976). There would be little protection for the debtor if he were forced to either admit default prior to the Rule 120 hearing or lose his statutory right to cure.

We therefore hold that when a creditor is seeking to foreclose a deed of trust or mortgage, the foreclosure sale must be scheduled not less than seven days after the Rule 120 hearing. This ensures that the debtor can both exercise his right to cure and receive his due process right to be heard at a "meaningful time [and] in a meaningful manner concerning the matters constituting the alleged defaults." *Valley Development v. Warder, supra.*

It is true, as argued by respondent, that nothing in our foreclosure statutes requires a seven-day waiting period between the Rule 120 hearing and the date of sale. However, we note that the General Assembly's silence on this particular point appears to be more an inadvertent oversight than a deliberate omission. The various provisions at issue here—the due process requirements of section 38–37–140, the cure provisions of section 38–39–118 and the time limits and procedures set forth in sections 38–39–117 and 38–37–113—were all enacted at different times and no attempt was made to coordinate them into a comprehensive scheme. Because the debtors' due process rights and statutory right to cure are at stake, we find it imperative to apply the statutes in a manner which effectuates the right to cure and also gives meaning to the due process right to a hearing. These objectives are satisfied by imposing the requirement that the foreclosure sale be held more than seven days after the Rule 120 hearing in a case.

The rule is made absolute.