**UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Wilma Lynne VANDERLAAN n/k/a Wilma Lynne Bousman, Defendant–Appellee.**

**No. 90CA1045.**

Colorado Court of Appeals, Div. III.

Sept. 12, 1991.

Machol and Machol, P.C., Roger Moore, Jacques A. Machol, III, Denver, Colo., for plaintiff-appellant.

Mosley, Wells, Johnson & Ruttum, P.C., James H. Mosley, Neil L. McClain, Denver, Colo., for defendant-appellee.

Opinion by Judge TURSI.

United Guaranty Residential Insurance Company (United) appeals from the summary judgment entered against it upon its action to collect a deficiency resulting from the foreclosure of Wilma Vanderlaan's interest in certain real property. We affirm.

The essential facts are agreed. United is a private insurer of mortgages. In 1982, Vanderlaan and two others executed a promissory note secured by a deed of trust upon a condominium unit in favor of United's insured, the mortgagee. In 1984 or 1985, the mortgagors defaulted, and the mortgagee commenced a public trustee's foreclosure of the secured property. The note holder brought the required proceeding pursuant to C.R.C.P. 120 for authorization of the foreclosure sale, and on October 7, 1985, the court accordingly authorized the sale, having found a reasonable probability that a default had occurred and that sale was otherwise proper pursuant to the Soldiers' and Sailors' Relief Act of 1940.

On October 14, 1985, counsel for United's insured duly submitted to the public trustee a full indebtedness bid in the amount of some $200,000. The public trustee conducted a public auction sale of the property on October 16, 1985, and sold the property to the insured note holder as the highest bidder for the bid amount. A certificate of purchase was accordingly executed.

The insured thereafter discovered the bid was erroneous in that the amount intended to be bid was in fact some $75,000 less than the $200,000 submitted. Consequently, the insured filed a motion with the C.R.C.P. 120 court requesting the bid be changed to $126,000.

On November 27, 1985, the court, following a short hearing, permitted the insured to withdraw its previously accepted bid and substituted therefor a bid of $126,000. Pursuant to the court's order, the October 16, 1985, certificate of purchase was corrected to reflect the new bid amount. Although no new sale or notice of sale was ordered, the court extended the mortgagors' period of redemptive rights for 75 days from the date of the hearing. The insured apparently mailed copies of its motion and notice of hearing to Vanderlaan, but she did not appear, although her co-mortgagors attended by counsel. The redemptive period thereafter expired, and evidently the property has since been conveyed to unrelated parties.

United brought this action against Vanderlaan in 1989, seeking to recover the approximately $75,000 deficiency United alleged it paid to its insured and which claim the insured had assigned to United. United requested summary judgment, contending Vanderlaan had no defense to the deficiency collection action. Vanderlaan, in her cross-motion for summary judgment, argued the C.R.C.P. 120 court was without jurisdiction to reform the bid and that she was not barred by application of the principles of *res judicata* or collateral estoppel from defending the action.

The trial court concluded the C.R.C.P. 120 order reforming the bid was beyond that court's jurisdiction and that Vanderlaan was not barred from raising the issue. Hence, it entered summary judgment denying United's claim.

In challenging the judgment entered, United initially contends the C.R.C.P. 120 court was well within its authority as an equitable forum in permitting the reformation. We disagree.

C.R.C.P. 120, as it existed prior to its amendment effective January 1, 1989, provided the procedure to obtain a court order authorizing a public trustee's sale. The scope of inquiry was basically limited to the existence of a default or other circumstances authorizing a sale. C.R.C.P. 120(d); *Ragsdale Brothers Roofing, Inc. v. United Bank*, 744 P.2d 750 (Colo.App. 1987). Hence, the primary purpose of a C.R.C.P. 120 hearing is "to test whether, considering all relevant evidence, there is a reasonable probability that a default exists." *Moreland v. Marwich, Ltd.*, 665 P.2d 613 (Colo.1983).

Action collateral to the C.R.C.P. 120 hearing is generally necessary to resolve all other issues. *Bakers Park Mining & Milling Co. v. District Court*, 662 P.2d 483 (Colo.1983). *See Goodwin v. District Court*, 779 P.2d 837 (Colo.1989).

The cancellation of the prior bid resulted in a deficiency and reinstated a portion of Vanderlaan's debt to United. In doing so, the C.R.C.P. 120 court substituted an *ex post facto* bid incapable of public pronouncement at the advertised sale in violation of Colo.Sess.Laws 1983, ch. 420, § 38–37–142(3) at 1473. Accordingly, since C.R.C.P. 120(d) expressly reserves the right of aggrieved parties to seek other relief in a court of competent jurisdiction, we conclude the trial court here correctly determined the C.R.C.P. 120 court exceeded its authority under the circumstances.

United also argues that Vanderlaan cannot now avoid the effect of the resulting deficiency since she neither objected to, nor appealed from, the order canceling the original bid. However, proceedings pursuant to C.R.C.P. 120 are not adversarial in nature, are not final, and generally no appeal may be taken to review the resulting orders. C.R.C.P. 120(d); *Hastings v. Security Thrift & Mortgage Co.*, 145 Colo. 36, 357 P.2d 919 (1960). *But see Goodwin v. District Court, supra*. Also, the notice procedures of the rule do not require service of process, only notice by mail. C.R.C.P. 120(b). Accordingly, since no final judgment was entered, neither the principles of *res judicata* nor collateral estoppel bars the defense. *See Saunders v. Bankston*, 31 Colo.App. 551, 506 P.2d 1253 (1972).

In any event, a judgment entered without jurisdiction is void and may be attacked in collateral proceedings. *Winslow v. Williams*, 749 P.2d 433 (Colo.App.1987).

We have considered United's remaining arguments and find them to be without merit.

The judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.