PLYMOUTH CAPITAL COMPANY,
INC., a Delaware corporation,
Petitioner,

v.

The DISTRICT COURT OF ELBERT
COUNTY; and the Honorable Kevin Si-
del, an acting District Court Judge
thereof, Respondents.

No. 97SA464.

Supreme Court of Colorado,
En Banc.

April 6, 1998.

Christopher E. Acker, Colorado Springs, for Petitioner.

Andrew J. Felser, P.C., Andrew J. Felser, Denver, for Respondents Deirdre Stewart and Gerald Brindamour.

Justice KOURLIS delivered the Opinion of the Court.

This proceeding concerns the application of C.R.C.P. 120. We exercise original jurisdiction over the matter pursuant to C.A.R. 21. On December 23, 1997, at the request of Plymouth Capital Company, Inc. (Plymouth), we issued a rule to show cause why a Rule 120 hearing should not be held immediately to determine whether a reasonable probability of default exists under a certain deed of trust. We now make that rule absolute.

I.

In October of 1995, Deirdre Stewart and Gerald Brindamour (the Debtors) executed a promissory note payable to Plymouth. The note was secured by a deed of trust, also executed by the Debtors, encumbering certain real property and improvements in Elizabeth, Colorado, owned by the Debtors.

The Debtors and Plymouth became involved in a controversy over their respective rights and obligations. The Debtors filed a civil action in Elbert County against Plymouth and other defendants alleging, in pertinent part, fraud, violation of the Colorado

Consumer Protection Act, negligent misrepresentation, breach of fiduciary duty, negligence, and breach of the implied covenant of good faith and fair dealing.

Plymouth commenced foreclosure on the property through the Elbert County Public Trustee's office and, in connection with that foreclosure, filed an application for an order authorizing sale pursuant to Rule 120 in the Elbert County District Court. *See* C.R.C.P. 120. The Debtors filed a response in the Rule 120 proceeding claiming defenses to the default in payment under the Note, and additionally requesting consolidation of the Rule 120 proceeding with the pending civil case. The trial court denied the motion to consolidate and ordered that the application for an order authorizing sale be set for hearing.

At the hearing, at Debtors' request, the Rule 120 court entered an order staying the Rule 120 proceeding pending the outcome of the civil case. Plymouth objected to the entry of a stay as being outside the jurisdiction of the trial court under Rule 120.

Plymouth then sought relief through the original jurisdiction of this court. We now conclude that the trial judge exceeded the proper scope of jurisdiction under Rule 120.

## II.

The hearing contemplated by Rule 120 operates as an integral part of our streamlined, non-judicial foreclosure system. Colorado's procedure for foreclosure by public trustee has been in force and effect since 1894. *See* Act Concerning Deeds of Trust, Mar. 5, 1894, ch. 6, 1894 Colo. Sess. Laws 50 (adopting H.B. 48). Prior to creation of the office of public trustee, two methods of foreclosure existed. *See* Andrea Bloom, *Foreclosure by Private Trustee: Now is the Time for Colorado*, 65 Denv. U.L.Rev. 41, 44 (1988). One method required foreclosure by judicial process, a slower, more costly procedure in which debtors had, among other things, a right of redemption. The other method involved issuance of trust deeds to private trustees who could quickly and inexpensively dispense with property according to the terms of the trust instrument. *See id.* at 44–45. These private transactions, however, did not provide a right of redemption or other protections for debtors. *See id.* Through creation of a public trustee's office, the General Assembly sought to ensure the protection of debtors while maintaining a speedy, efficient procedure for creditors. *See id.* at 45–46; Malcom Lindsey, *Foreclosures by the Public Trustee*, 9 Dicta 6, 7–9 (1932). Hence, our statutes now strike a balance between efficiency and protection of debtors' rights, without the need for extensive judicial supervision.

Foreclosure of a deed of trust by public trustee's sale under the applicable statutes is activated by a power of sale in the deed of trust. *See* §§ 38–38–101 to –701, 10 C.R.S. (1997). The creditor, or owner of the evidence of debt secured by the deed of trust, must obtain an order authorizing the public trustee to conduct the sale. *See* § 38–38–105, 10 C.R.S. (1997). Rule 120 governs the very specialized civil proceeding in which an interested person may file a verified motion in court seeking the order authorizing sale under the power of sale contained in the recorded instrument.

The original purpose of Rule 120 was to provide a method of establishing compliance with the Soldiers' and Sailors' Civil Relief Act of 1940. *See Moreland v. Marwich, Ltd.*, 665 P.2d 613, 616 (Colo.1983); Hal Tudor and Bruce Nelson, *C.R.C.P. Rule 120: Understanding the Revision*, 6 Colo. Law. 41, 41 (1977). Under this federal law, enacted during World War II, creditors cannot foreclose on a mortgage or deed of trust against a member of the military without a court order. *See* 50 App. U.S.C. § 532(3) (1990). Courts have discretion to stay foreclosures as equity requires, with a view toward protecting persons in the military and enabling them "to devote their entire energy to the defense needs of the Nation." 50 App. U.S.C. § 510 (1990). The Rule 120 hearing originally was not adversarial, the only issue considered being the military status of the debtor. *See Moreland*, 665 P.2d at 617; Tudor, *supra*, at 41.

In 1969, the United States Supreme Court's decision in *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), called into question the

constitutionality of certain forms of creditor prejudgment security remedies. *See Sniadach,* 395 U.S. at 341–42, 89 S.Ct. at 1822–23. Subsequently, this court decided *Princeville Corp. v. Brooks,* 188 Colo. 37, 533 P.2d 916 (1975). In *Princeville,* with due process concerns in mind, we held that a Rule 120 hearing may sometimes be used to consider factors other than just military status. *See Princeville,* 188 Colo. at 40–41, 533 P.2d at 918; *Valley Dev. at Vail, Inc. v. Warder,* 192 Colo. 316, 557 P.2d 1180 (1976)(noting that *Princeville* evinced a concern for constitutional due process requirements).

Because Rule 120 was not originally written to accommodate inquiry beyond military status, this court revised the Rule. *See* Tudor, *supra,* at 46. The new rule, adopted in 1976, extended the court's inquiry to include (1) the existence of a default; or (2) the existence of other circumstances authorizing the exercise of a power of sale. *See* C.R.C.P. 120, 7 C.R.S. (1973)(as repealed and reenacted in 1976). Under the new rule, and in its current form, the court must then decide whether a "reasonable probability" of default exists. *See* C.R.C.P. 120.

The requirements of a Rule 120 motion, and the necessary notice, are quite specific. A hearing date is set on the motion, and the notices all contain the hearing date. Not less than five days prior to the hearing date, any interested party may file a response to the Motion. If no response is filed, the court may dispense with the hearing and enter the order as requested provided that venue is proper and the moving party is entitled to the order.

If a response is filed, the court must hold a hearing. At the time and place set for the hearing or to which the hearing may be continued, the court is directed by the Rule to:

> examine the motion and the responses, if any. The scope of inquiry at such hearing shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues required by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

> The court shall determine whether there is a reasonable probability that such default or other circumstance has occurred, and whether an order authorizing sale is otherwise proper under said Soldiers' and Sailors' Civil Relief Act, as amended, and shall summarily grant or deny the motion in accordance with such determination.

C.R.C.P. 120(d).

The Rule clarifies that "the granting of any such motion (for order of sale) shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." *Id.*

### III.

■   The issue presented in this case is whether the trial court may continue the Rule 120 hearing until resolution of a companion civil case raising claims for damages and defenses to the exercise of a power of sale.

■   First, we note that the trial court certainly has the jurisdiction to continue the Rule 120 hearing when appropriate and necessary. Such a continuance would be necessary, for example, when one of the interested parties could not be present or prepared at the previously scheduled hearing date, or when the court calendar did not permit accommodation of the hearing when originally calendared. Hence, we do not presume to state that a Rule 120 hearing can never be continued.

Next, we observe that we are not called upon to determine whether a Rule 120 case may properly be consolidated with a civil case involving the same parties. The trial court here chose not to consolidate the two cases, and that issue is not before us.

Rather, the trial court granted an indefinite continuance of the Rule 120 hearing in order to permit resolution of the civil case before the foreclosure proceeding could go forward. We conclude that such a procedure is not contemplated by Rule 120.

The Rule 120 hearing is designed to address, in summary fashion, issues related specifically to the existence of a default. As discussed above, we revised the Rule 120

proceeding in 1976 to address the debtor's right to notice and an opportunity to be heard. *See Moreland,* 665 P.2d at 617. In a memorandum outlining the proposed revisions to the rule, the committee charged with drafting the revisions discussed its recommendations for expanding the scope of the Rule 120 hearing. *See Legislative History: C.R.C.P. Rule 120,* 8 Colo. Law. 785, 787–88 (1979)(publishing the Memorandum from the Committee on Revision of Rule 120 C.R.C.P.). In order to cure potential constitutional defects without compromising the efficiencies of the public trustee foreclosure proceedings, the committee recommended that a Rule 120 hearing address only that which may be constitutionally required. *See Legislative History, supra,* at 787.

With this goal in mind, the committee recommended that the scope of inquiry be just broad enough to encompass the procedures approved by the United States Supreme Court in *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). In *Mitchell,* the Court upheld Louisiana's replevin procedure where the hearing addressed only "the issues in the possessory action—default, the existence of a lien and possession of the debtor—before property [was] taken." *Mitchell,* 416 U.S. at 607, 94 S.Ct. at 1900. The committee drafted the language in the proposed rule (adopted without change) to parallel this narrow inquiry. *See Legislative History, supra,* at 788.

■ The Rule 120 hearing is not the proper forum for addressing the various and complex issues that can arise in some foreclosures. *See* Tudor, *supra,* at 48. Such expansion would defeat the purpose of the streamlined public trustee foreclosure and afford little advantage over a judicial foreclosure. For this reason, the committee recommended, and this court adopted, a standard of "reasonable probability" rather than a final adjudication regarding default. *See Legislative History, supra,* at 788. Consequently, the rule provides that parties aggrieved by the Rule 120 court's decision may seek injunctive or other relief in a court of competent jurisdiction.

Thus, the scope and purpose of a Rule 120 hearing is very narrow: the trial court must determine whether there is a reasonable probability that a default or other circumstance authorizing exercise of a power of sale has occurred. The test is whether "considering all relevant evidence, there is a reasonable probability that a default exists." *United Guar. Residential Ins. Co. v. Vanderlaan,* 819 P.2d 1103, 1104 (Colo.App.1991) (citing *Moreland,* 665 P.2d 613 (Colo.1983)). Relevant evidence is evidence tending to show that no default exists.

Here, the issues relating to the Debtors' claims for damages against Plymouth are not proper subjects for the Rule 120 proceeding. It is, however, incumbent upon the Rule 120 court to consider any evidence the Debtors present on the issue of whether a default has occurred. The trial court then has an obligation to make a determination as to whether a reasonable probability of default exists. *See* C.R.C.P. 120(d)("The court *shall* determine whether there is a reasonable probability [of default] ... and *shall* summarily grant or deny [the motion for order of sale] in accordance with such determination.")(emphasis added).

## IV.

By granting an indefinite continuance of the Rule 120 hearing in this case, the court avoided that obligation, and in effect invited the trial court in the companion case to resolve the question of default, together with all other claims of either party. Such an outcome is not consistent with Rule 120. If the Rule 120 court enters an order of sale, the Debtors may then present evidence showing a likelihood of success on the merits of their defenses in support of injunctive relief in the companion case. This procedure is explicitly contemplated by the Rule. *See* C.R.C.P. 120(d)("the granting of [a motion for order of sale] shall be without prejudice to the right of any person aggrieved to seek injunctive relief in any court of competent jurisdiction"). The only question before the trial court in the Rule 120 proceeding in this case is whether there was a reasonable probability that the Debtors were in default of their obligation to Plymouth. The trial court must resolve that issue at an appropriate and timely Rule 120 hearing.

Hence, we make the rule to show cause absolute and instruct the trial court to schedule and conduct a timely Rule 120 hearing as directed in this opinion.