**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRUCE C. MCDONALD, an
individual,

      Plaintiff - Appellant,

v.

ONEWEST BANK, F.S.B.; John and
Jane Does, 1-100 inclusive; ABC
CORPORATIONS, entities of
unknown form, 1-20 inclusive,

      Defendants - Appellees.

No. 11-1071

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:10-CV-01749-RPM)**

---

Gary Fielder, Arvada, Colorado, for Plaintiff - Appellant.

Victoria Edwards (and Justin D. Balser of Akerman Senterfitt, L.L.P., on the
brief), Denver, Colorado, for Defendants - Appellees.

---

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

---

**KELLY**, Circuit Judge.

Background

Plaintiff-Appellant, Bruce McDonald, took out a $198,000 loan ("Note") secured by a deed of trust on Colorado real property in favor of the lender, IndyMac Bank. Mr. McDonald made payments on the loan from its 2003 inception until April 2009, including while IndyMac was operated in receivership by the Federal Deposit Insurance Corporation ("FDIC"). According to the Complaint, the trouble began when the FDIC sold IndyMac to a holding company that operated it as Defendant-Appellee OneWest, F.S.B. and OneWest, as the new loan servicer, notified Mr. McDonald of the sale. Aplt. App. 7. Mr. McDonald stopped making payments because OneWest "did not provide [him] with the instrument or reasonable evidence of authority to make such a presentment" in accordance with his demands for the original Note. Aplt. App. 8. OneWest did provide him with a copy of the Note and deed of trust. Aplt. App. 64-67.

Ultimately, OneWest foreclosed on the property and obtained a Rule 120 Order authorizing the sale of the property, after it produced the original Note, the deed of trust, and a pooling and servicing agreement governing the Note. Aplt. App. 14. Mr. McDonald twice sought reconsideration of the sale order, which was denied. The property was sold on March 4, 2010 and OneWest purchased it, later assigning its interest in the property to the Federal Home Loan Mortgage Corp ("FHLMC"). On March 3, 2010, Mr. McDonald filed suit in state district court claiming that OneWest was not entitled to payment on the Note and the

order of sale was void. Aplt. App. 190-92. FHLMC filed a forcible entry and detainer action against Mr. McDonald seeking to evict him; Mr. McDonald obtained a stay pending resolution of his state court action. Aplt. Br. 13. Mr. McDonald amended his state-court complaint to join FHLMC and include a quiet title action; neither defendant answered and the state district court granted a default judgment quieting title in Mr. McDonald, and denial of relief from that default judgment is now on appeal. Aplee. Br. 13-14.

On July 22, 2010, Mr. McDonald filed this federal action against OneWest Bank on the following theories: (1) civil RICO, (2) pattern of racketeering activities, (3) violation of the Fair Debt Collection Practices Act, (4) fraud, and (5) violation of the Colorado Consumer Protection Act. He sought damages for the loss of his home, mental anguish, pain and suffering, and attorney's fees and costs. The federal district court noted that it probably lacked subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine given that Mr. McDonald was attempting to litigate the same claims that the Rule 120 court had rejected. But it ultimately dismissed the action on the basis of Mr. McDonald's failure to state a claim. Fed. R. Civ. P. 12(b)(6). <u>See</u> Order of Dismissal, <u>McDonald v. OneWest Bank, F.S.B.</u>, Civ. Action No. 10-cv-01749-RPM, 2010 WL 5423715, at *1 (D. Colo. Dec. 27, 2010). The district court denied reconsideration. Aplt. App. 200 (Jan. 14, 2011). Mr. McDonald then filed various post-judgment motions, which were denied. Aplt. App. 501-11 (Dec. 1, 2011).

## Discussion

OneWest contends that the appeal should be dismissed based on an untimely notice of appeal since it was not filed by February 14, 2011—or functionally 30 days after the denial of the motion for reconsideration. OneWest recognizes that a Fed. R. Civ. P. 59(e) or 60 motion may toll the time to file a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(iv) & (vi), but claims that because Mr. McDonald failed to cite to Rule 59 or 60 in his motion for reconsideration, no tolling should occur. We are unaware of any authority that prevents the district court from considering the substance of a post-judgment motion as a routine motion for reconsideration; here the motion plainly sought relief from the judgment and tolled the time for filing a notice of appeal.

Furthermore, we recently decided that Rooker-Feldman did not apply to determinations in Colorado Rule 120 proceedings, at least insofar as preventing a foreclosure sale where proceedings are pending. In re Miller, 666 F.3d 1255, 1261-62 (10th Cir. 2012); Dillard v. Bank of N.Y., No. 11-1379, 2012 WL 1094833, at *1 (10th Cir. Apr. 3, 2012) (unpublished). Here, state proceedings are ongoing and the case is easily resolved on other grounds, so we will not further consider this issue.

In deciding a motion to dismiss for failure to state a claim, we review the complaint for plausibility, taking the facts as true. See Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010). The gravamen of Mr. McDonald's claims on appeal is

that OneWest was not entitled to foreclose because it was not "a holder in due course," and did not own the underlying Note. See Aplt. Br. 20-21. This attempt to graft "holder in due course" requirements onto this process, though obvious in its purpose, is meritless and clearly distorts the law.

In Colorado, non-judicial foreclosure based upon a violation of a deed of trust provision can be accomplished by "a holder of an evidence of debt." Colo. Rev. Stat. § 38-38-101(1). The "holder of an evidence of debt" includes a "person entitled to enforce an evidence of debt" and presumptively includes "[t]he person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank." Id. § 38-38-100.3(10)(c); see also id. § 4-1-201(20). As the commercial code makes clear, a person entitled to enforce an instrument may be a holder, and need not be an owner, of the instrument. Id. § 4-3-301. Contrary to Mr. McDonald's position, nothing in the law states that "holder in due course" status is required. Id.

At oral argument, Mr. McDonald's counsel told the panel that the note presented to the state court was not the original Note, and therefore was invalid. See Oral Argument at 8:24-9:20, McDonald v. OneWest Bank, F.S.B., No. 11-1071 (May 9, 2012). He stated that this argument was raised in a Rule 60 Motion before the district court (though it is not apparent), id. at 9:24-9:30; and that it was included in the reply brief before this court, id. at 12:20-12:28. Counsel also admitted that this issue was not covered by the notice of appeal, which only

- 5 -

specifies the orders of dismissal and denial of reconsideration.  <u>Id.</u> 9:30-9:45;

Aplt. App. 201.  The Rule 60 motion was not filed until nearly six months after

the notice of appeal was filed, and no new notice of appeal has been entered on

this issue.  Therefore, we are unable to consider these claims in this appeal.  <u>See</u>

<u>Ysais v. Richardson</u>, 603 F.3d 1175, 1179 (10th Cir. 2010).

AFFIRMED.