14-1110-cr
United States v. Loles

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
                <u>Circuit Judges</u>,
        GEOFFREY W. CRAWFORD,[*]
                <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
     <u>Appellee</u>

     -v.-                           14-1110

GREGORY LOLES,
     <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JEREMIAH DONOVAN, Old Saybrook, Connecticut.

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

1

**FOR APPELLEE:**                    MICHAEL S. MCGARRY (with Marc H. Silverman <u>on the brief</u>) <u>for</u> Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Gregory Loles appeals from the judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>), sentencing Loles to a term of imprisonment for 300 months. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Loles argues that the downward departure pursuant to <u>United States v. Lauersen</u>, 348 F.3d 329, 344 (2d Cir. 2003) was insufficient. This Court lacks jurisdiction to entertain such a claim. <u>See</u> <u>United States v. Campo</u>, 140 F.3d 415, 419 (2d Cir. 1998) ("[A] court's failure to state its reasons for refusing to downwardly depart, or for refusing to downwardly depart more extensively than it did, is not appealable."); <u>United States v. Lawal</u>, 17 F.3d 560, 564 (2d Cir. 1994) ("[W]e do not review, at defendant's request, the *extent* of any [downward] departure the court may grant . . . The circumstances of this appeal justify adherence to the general rule that the beneficiary of a downward departure is not in a position to complain about its reasonableness or extent.") (internal quotation marks omitted).

2. Loles challenges the finding that the loss amount attributable to Loles's scheme was $27,198,025.94. "We review the district court's factual findings on loss for clear error . . . ." <u>United States v. Carboni</u>, 204 F.3d 39, 46 (2d Cir. 2000). The inclusion of $14,488,939.24 invested by Milbury Holdings and Somerset Associates was not clearly erroneous, as the district court properly weighed relevant

2

testimony and evidence and acted within its discretion in finding Loles's testimony on this point "unbelievable." Government Appendix ("G.A.") 1588. And although the district court did not place "material reliance on hearsay statements," id., in reaching this conclusion, it was not precluded from considering such evidence during sentencing. See United States v. Broxmeyer, 699 F.3d 265, 280 (2d Cir. 2012).

Loles's remaining arguments advocating reduction in the loss amount are similarly meritless, especially in view of the deference owed to the district court on such factual findings. In any event, even if these additional objections had force, the loss amount would still be above $20 million dollars, and the applicable enhancement would be unchanged. Therefore, any error committed was harmless. See United States v. Sharpley, 399 F.3d 123, 127 (2d Cir. 2005) (noting that the "prototypical example of harmless error" is one where the defendant "cannot obtain any improvement in his sentence in resentencing").

**3.** Loles argues that the district court incorrectly applied a two-level sentencing enhancement based upon the finding that some of his misrepresentations were made while acting on behalf of a charitable or religious organization. We review a district court's legal determinations de novo, "giving due deference to the district court's application of the guideline provision to the facts." United States v. Kinney, 211 F.3d 13, 19 (2d Cir. 2000). The enhancement at issue is "designed to apply to a wide variety of fraud cases." Id. at 20 (internal quotation marks and citation omitted). On this record, the enhancement was correctly applied. Loles collected $700,000 ostensibly "for the benefit of the church," G.A. 415, in part by making statements such as "the church will get a lot more money out of this deal." G.A. 434.

**4.** Loles challenges the two-level enhancement based on his use of sophisticated means. Loles advocates a sliding scale for sophistication, arguing that the means he employed are commonplace in similar fraudulent schemes. Loles concedes that he "can cite no judicial, statutory, or regulatory support for [the] contention that sentencing courts should adopt a relative standard for sophistication."

3

Brief of Defendant-Appellant at 40.  This is unsurprising for this is not the law; rather, "the creation and use of false documents, and other tactics to conceal offense conduct, are indicia of the sophistication of an offense." United States v. Fofanah, 765 F.3d 141, 146 (2d Cir. 2014). The district court made precisely such findings to support the enhancement.  G.A. 1573-74 ("Here the defendant falsified hundreds of documents using his computer to create fake forms and account statements reflecting fictitious bond prices . . . controlled what proved to be shell companies . . . sent out false tax forms . . . and by taking all these steps managed to conceal the scheme from his victims for nearly eight years.").  Loles's argument must accordingly be rejected.

**5.**  Loles contends that the imposition of a 300 month sentence is substantively unreasonable.  "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." United States v. Thavaraja, 740 F.3d 253, 258 (2d Cir. 2014) (internal quotation marks omitted).  This Court recently rejected such a challenge to a 240 month sentence in similar circumstances based on the "seriousness of [the defendant's] crime" and its "effect on . . . victims, some of whom had lost their homes and their livelihoods". United States v. Norman, 776 F.3d 67, 86 (2d Cir. 2015).  Here too, the district court amply supported the sentence by explaining the repugnant nature of Loles's crime.  G.A. 1659 ("In each of these instances, even ones where the fraud ran for several years, the defendants duped their victims, but they did not cultivate them sometimes over long periods of time the way that you did . . . These victims included people who were among the most vulnerable, for example, elderly individuals living on fixed incomes and people in ill health who could not afford to lose their life savings."); G.A. 1661-62 ("Over the years I have sentenced a lot of people who committed the category of crimes that you committed.  I can think of only one other defendant whose conduct was as depraved and callous as yours.  That individual stole a lot less money than you did and he had an addiction.").  The district court did not abuse its discretion in sentencing Loles to 300 months in prison.

4

For the foregoing reasons, and finding no merit in Loles's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK