COLORADO COURT OF APPEALS **2016COA121**

Court of Appeals No. 14CA2337
El Paso County District Court No. 12CV10
Honorable G. David Miller, Judge

Charolyn KH Edwards,

Plaintiff-Appellant,

v.

Bank of America, N.A.,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE STERNBERG*
Taubman and Dailey, JJ., concur

Announced August 25, 2016

Charolyn KH Edwards, Pro Se

Akerman LLP, Justin D. Balser, Ashley E. Calhoun, Denver, Colorado, for
Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24 51 1105, C.R.S. 2015.

¶ 1     In this action involving a disputed real estate foreclosure, plaintiff, Charolyn KH Edwards, appeals the district court's summary judgment entered in favor of defendant, Bank of America, N.A.  We affirm.

## I.  Background

¶ 2     In 2005, plaintiff obtained a loan from Irwin Mortgage Corporation (Irwin) to finance the purchase of property in Colorado.  The loan was evidenced by a note and repayment was secured by a deed of trust.  Both documents were executed by plaintiff, and the deed of trust was duly recorded.  Under the deed of trust, Mortgage Electronic Registration System, Inc. (MERS) was named the beneficiary and nominee for Irwin.

¶ 3     Plaintiff subsequently defaulted on the loan.  Defendant, as the holder of the evidence of the debt, commenced foreclosure by executing a notice of election and demand for sale (the notice).  Defendant filed the notice with the El Paso County Trustee, who duly recorded it on August 5, 2011.

¶ 4    On September 9, 2011, MERS executed an assignment documenting the transfer of the note and deed of trust to defendant.  The assignment was recorded on September 12, 2011.

¶ 5    On September 14, 2011, defendant filed a C.R.C.P. 120 motion for order authorizing sale in the El Paso County District Court.  The court granted the motion and authorized the sale.  The property was sold on February 15, 2012.

¶ 6    On January 10, 2012, plaintiff filed a complaint alleging that defendant lacked standing to file a motion under C.R.C.P. 120 and to commence foreclosure proceedings.  Defendant moved to dismiss under C.R.C.P. 12(b)(5), asserting that plaintiff failed to state a claim on which relief could be granted.  Defendant attached no supporting documentation to its motion.  The district court dismissed the case under C.R.C.P. 12(b)(5) and sua sponte granted summary judgment for defendant under C.R.C.P. 56.

¶ 7    Plaintiff appealed and a division of this court reversed.  *See Edwards v. Bank of Am., N.A.*, (Colo. App. No. 12CA1055, Aug. 29, 2013) (not published pursuant to C.A.R. 35(f)).  The division concluded that when viewed in the light most favorable to the plaintiff, the complaint asserted that defendant was not the holder

of the evidence of the debt and was not entitled to foreclose.  The division also concluded that the district court erred in granting summary judgment because the supplemental record provided by defendant on appeal was not before the district court when it dismissed the case under C.R.C.P. 56.

¶ 8 After remand, defendant moved for summary judgment under C.R.C.P. 56, attaching the documents included in the supplemental record.  The district court granted the motion, finding that the documents were self-authenticating and could be judicially noticed, that there was no genuine issue of material fact, and that defendant had standing to foreclose because the documents demonstrated that defendant was the holder of the debt at the time of foreclosure.

¶ 9 Subsequently, plaintiff filed a motion to reconsider summary judgment.  Plaintiff argued that the district court's grant of summary judgment was premature because plaintiff was not given sufficient opportunity for discovery.  The district court denied the motion.

## II.  Summary Judgment Ruling

¶ 10 Plaintiff contends that the district court erred in granting defendant's summary judgment motion.  We disagree.

## A. Summary Judgment Law and Standard of Review

¶ 11　Summary judgment may be granted if the pleadings and supporting documentation demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1051-52 (Colo. 2011).

¶ 12　The party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact. *Cont'l Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). If the moving party satisfies that burden, the nonmoving party must then put forward evidence showing that a triable issue of fact exists. *Id.* at 713; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The nonmoving party is entitled to the benefit of all favorable inferences that reasonably may be drawn from the evidence, and all doubts as to the existence of a genuine issue of material fact must be resolved in that party's favor. *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 146 (Colo. 2007).

¶ 13     We review a district court's decision granting summary judgment de novo.  *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1074 (Colo. 2010).

## B.  Substantive Law and Analysis

¶ 14     As she did in the district court, plaintiff contends on appeal that defendant failed to properly present evidence that it had standing to foreclose.  We disagree, and conclude that defendant produced sufficient evidence to establish that it was entitled to foreclose, and that plaintiff failed to demonstrate that there was a genuine issue of material fact as to defendant's standing to foreclose.

¶ 15     Colorado foreclosure law allows a holder of an evidence of debt to foreclose upon breach of the terms of the deed of trust.  *See* § 38-38-101, C.R.S. 2015.  A "holder of an evidence of debt" is defined as "the person in actual possession of or person entitled to enforce an evidence of debt."  § 38-38-100.3(10), C.R.S. 2015; *see McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012) ("[A]

person entitled to enforce an instrument may be a holder, and need not be an owner, of the instrument." (applying Colorado law)).[1]

¶ 16    Under sections 38-38-101(1)(b)(II) and (1)(c)(I), the holder of an evidence of debt may initiate foreclosure proceedings with a copy of the evidence of debt and deed of trust, rather than the original documents.

¶ 17    To foreclose in this manner, the holder of an evidence of debt must file "*a statement signed by the attorney for such holder*, citing the paragraph of section 38-38-100.3(20) *under which the holder claims to be a qualified holder* and certifying or stating that the copy of the evidence of debt is true and correct." § 38-38-101(1)(b)(II) (emphasis added).

¶ 18    Here, in accordance with sections 38-38-101(1)(b)(II) and (1)(c)(I), defendant foreclosed with a copy of the note and the deed of trust, along with a certification in which its attorney stated that it was a qualified holder.  These documents were sufficient to show

---

[1] "Evidence of debt" is "a writing that evidences a promise to pay or a right to the payment of a monetary obligation, such as a promissory note, bond, negotiable instrument, a loan, credit, or similar agreement, or a monetary judgment entered by a court of competent jurisdiction." § 38-38-100.3(8), C.R.S, 2015.

that defendant was a qualified holder, and thus had standing to foreclose. *See Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1265 (10th Cir. 2012) (applying Colorado law and recognizing the ability of a holder of evidence of debt to foreclose under section 38-38-101(1)(b)).

¶ 19    Accordingly, the district court did not err in granting defendant's motion for summary judgment.

### III. Motion to Reconsider Summary Judgment

¶ 20    Plaintiff also contends that the district court erred in denying her motion to reconsider summary judgment because the court prematurely granted summary judgment without giving plaintiff sufficient opportunity to conduct discovery. We perceive no error.

¶ 21    A trial court's discovery rulings will not be disturbed on review, absent an abuse of discretion. A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Keybank, Nat'l Ass'n v. Mascarenas*, 17 P.3d 209, 215 (Colo. App. 2000).

¶ 22    C.R.C.P. 56(f) allows a party who cannot produce facts essential to its opposition to a motion for summary judgment to submit an affidavit explaining why it cannot do so. In this case,

plaintiff did not submit a C.R.C.P. 56(f) affidavit.  Plaintiff's motion to reconsider summary judgment cannot take the place of a C.R.C.P. 56(f) affidavit, because the rule requires that the affidavit be submitted prior to the court's summary judgment ruling.  *See Sundheim v. Bd. of Cty. Comm'rs,* 904 P.2d 1337, 1352 (Colo. App. 1995) ("In order to avoid the precipitous and premature grant of judgment against the opposing party, C.R.C.P. 56(f) affords an extension of time to utilize discovery procedures to seek additional evidence before the trial court rules on a motion for summary judgment."), *aff'd,* 926 P.2d 545 (Colo. 1996).

¶ 23     Plaintiff's argument in her reconsideration motion that the trial court erred in granting summary judgment without giving her sufficient opportunity to conduct discovery is foreclosed because plaintiff did not file a C.R.C.P. 56(f) affidavit.  *See Foster v. Redd,* 128 P.3d316, 319 (Colo. App. 2005).  Accordingly, the district court properly denied plaintiff's motion to reconsider summary judgment.

### IV.  Conclusion

¶ 24     We affirm the district court's judgment.

JUDGE TAUBMAN and JUDGE DAILEY concur.