**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN M. MBAKU; LUVIBIDILA JOLIE
LUMUENEMO,

     Plaintiffs - Appellants,

v.

CARRINGTON MORTGAGE
SERVICES, LLC,

     Defendant - Appellee.

No. 17-1189
(D.C. No. 1:17-CV-00462-LTB-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

    This is the second lawsuit brought by John M. Mbaku and Luvibidila Jolie

Lumuenemo challenging the non-judicial foreclosure of their condominium in

Denver, Colorado. The district court dismissed both lawsuits for failure to state a

claim. We affirmed the dismissal of Plaintiffs' first suit and now affirm the dismissal

of this action.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

In 2008, Plaintiffs obtained a loan to refinance their Denver condominium. The loan was evidenced by a promissory note ("Note") and secured by a deed of trust ("Deed of Trust"). Plaintiffs defaulted on the loan a year later.

The Deed of Trust granted the public trustee the power to sell the property upon notification from the Note holder that the debtor was in default. The legal requirements and process for a debt holder to exercise this right to non-judicial foreclosure are set forth in C.R.S. § 38-38-101 *et seq.* and Rule 120 of the Colorado Rules of Civil Procedure.

In compliance with this process, the Note holder, Bank of America, N.A., moved in October 2011 for an order authorizing the trustee to sell the property. After holding a hearing, a Colorado district court authorized the sale in February 2012. One week before the scheduled sale, Plaintiffs sued Bank of America in federal district court in Colorado, asserting, among other things, that the bank had violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, through the attempted foreclosure, and that Colorado's non-judicial foreclosure process was unconstitutional because it violated the Fourteenth Amendment's Due Process Clause. The district court granted Bank of America's motions to dismiss for failure to state a claim, and this court affirmed. *See Mbaku v. Bank of Am., Nat'l Ass'n*, 628 F. App'x 968 (10th Cir. 2015) (unpublished) ("*Mbaku I*").

Bank of America ultimately did not foreclose on Plaintiffs' property. Instead, Defendant Carrington Mortgage Services, LLC, as the new holder of the Note and

2

Deed of Trust, moved in February 2016 for an order authorizing the trustee to sell the property. The same Colorado district court authorized the sale on August 1, 2016, and the property was later sold to a non-party.

Plaintiffs responded by filing this action against Carrington in federal district court in the Central District of California, alleging that Carrington had violated the FDCPA and its California counterpart in foreclosing on their Denver condominium and renewing their claim that Colorado's non-judicial foreclosure process was unconstitutional because it did not provide due process. Carrington moved to transfer the action to the District of Colorado and to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The federal district court in California granted the motion to transfer and deferred ruling on the motion to dismiss. Following the transfer, the Colorado district court granted Carrington's motion to dismiss and entered judgment dismissing Plaintiffs' claims with prejudice. This appeal followed.

## DISCUSSION

### A.      Standard of Review

We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). To withstand a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible

3

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. But a pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" does not meet this standard. *Id.* (internal quotation marks omitted). Nor does a complaint that "tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and bracket omitted). Rather, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (internal quotation marks and ellipsis omitted).

In determining whether a complaint has alleged a plausible claim for relief, we "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In this case, we have taken judicial notice of relevant court documents from the state and federal proceedings described above.[1]

---

[1] Carrington requested that the district court take judicial notice of these documents under Federal Rule of Evidence 201. Plaintiffs did not object to that request below and included these documents in the record on appeal. We have considered them only "to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotation marks omitted).

4

**B.     FDCPA Claim**

To state a claim under the FDCPA, Plaintiffs "must allege sufficient facts to plausibly suggest that [Carrington] is a debt collector whose efforts to collect a debt from [them] violated . . . provisions of the FDCPA." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238-39 (10th Cir. 2013).  The parties' argument in the district court focused on whether Plaintiffs sufficiently pled that Carrington's conduct violated the statute.

Plaintiffs alleged in their amended complaint that Carrington violated § 1692e of the FDCPA by making false representations in collecting their debt and violated § 1692f(1) by "fail[ing] to provide any agreement that authorizes any amount of collection." Aplt. App. Vol. I at A39.[2]  They now argue they sufficiently supported these allegations by further alleging that Carrington knew or had reason to know "that it does not have sufficient documentation to demonstrate that it is the proper party to collect against Plaintiffs." *Id.* at A38.

The district court held these allegations were conclusory and therefore insufficient to state a plausible claim under the FDCPA.  We agree.  The amended complaint alleges no facts supporting Plaintiffs' bald assertion that Carrington is not entitled to enforce the Note and Deed, and therefore does not provide Carrington with the

---

[2]  Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides examples of conduct that violates this prohibition.  15 U.S.C. § 1692e.  Section 1692f(1) forbids a debt collector from "collect[ing] any amount  . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *Id.* § 1692f(1).

5

required notice of the FDCPA claims and the grounds on which they are based. *See Khalik*, 671 F.3d at 1192; *see also Iqbal*, 556 U.S. at 678 ("[T]ender[ing] naked assertions devoid of further factual enhancement" does not state a claim) (internal quotation marks and bracket omitted).[3]

Plaintiffs point to *Garrett v. BNC Mortgage, Inc.*, 929 F. Supp. 2d 1120, 1127 (D. Colo. 2013), as demonstrating that they sufficiently pled a FDCPA claim by alleging Carrington lacked sufficient documentation to establish its right to foreclose. But *Garrett* involved an entirely different FDCPA provision, § 1692f(6),[4] and the complaint there contained additional allegations that are not present in Plaintiffs' amended complaint. *See id.* at 1227 (referencing allegations that the bank's "status as trustee of the pool containing plaintiff's loan deprived it of standing to foreclose, that public records do not disclose any assignment of plaintiffs' loan to [the bank], that [the bank] has no other

---

[3] Plaintiffs also summarily alleged in their amended complaint that Carrington violated § 1692e of the FDCPA by making false credit reports, seeking to collect the debt beyond the statute of limitations, and relying on a forged endorsement. The district court concluded these allegations were insufficient to state a FDCPA claim because they too were conclusory and not supported by factual allegations. It also held Plaintiffs were precluded from relying on the allegedly forged endorsement to state a claim because this issue was decided against them in *Mbaku I*. *See Mbaku I*, 628 F. App'x at 975 (affirming district court's dismissal of claim that Bank of America forged Note's endorsement because Plaintiffs provided no factual basis for this allegation). Plaintiffs did not challenge these holdings in their opening brief and thus forfeited appellate review of them. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

[4] This provision prohibits a debt collector from foreclosing or threatening to foreclose on property through non-judicial action without a "present right to possession of the property claimed as collateral through an enforceable security interest" or under other specified conditions. 15 U.S.C. § 1692f(6).

evidence of assignment, and that [the bank] is not in possession of documents evidencing the chain of title"). *Garrett* therefore offers scant support to Plaintiffs.

Nor are Plaintiffs' allegations plausible. Carrington produced documentation with its Rule 120 motion that presumptively established its right to foreclose on the property. Under Colorado foreclosure law, a "holder of an evidence of debt" may elect to foreclose upon showing the debtor breached a deed-of-trust provision. Colo. Rev. Stat. § 38-38-101(1); *McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012). A "[h]older of an evidence of debt" is "the person in actual possession of or person entitled to enforce an evidence of debt." Colo. Rev. Stat. § 38-38-100.3(10). This definition presumptively includes a "person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank." *Id.* § 38-38-100.3(10)(c); *see, e.g.*, *McDonald*, 680 F.3d at 1266.

Colorado law further provides that a "qualified holder," which includes Carrington,[5] may document its status as a holder of an evidence of debt in a non-judicial foreclosure by providing the Rule 120 court with a "copy of the evidence of debt" and a statement signed by the holder's attorney that (1) cites the basis on which the party claims to be a qualified holder, (2) states that the attached copy of the evidence of debt is true and correct, and (3) further states that the holder's use of the copy is subject to the conditions described in Colo. Rev. Stat. § 38-38-101(2)(a), which essentially require the

---

[5] A "qualified holder" includes a "federal housing administration approved mortgagee." Colo. Rev. Stat. § 38-38-100.3(20)(f). Plaintiffs do not dispute that Carrington is a qualified holder under this provision.

holder to indemnify and defend the debtor in the event the original evidence of debt is later presented for payment. Colo. Rev. Stat. § 38-38-101(1)(b)(II), (2)(a).

Carrington complied with Colorado law by submitting the following documents with its Rule 120 motion for authorization of sale: a copy of the Note indorsed in blank, a copy of the Deed of Trust, and a qualified-holder statement by its attorney. *See* Aplt. App. Vol. I at A156-74. This documentation was sufficient to presumptively establish Carrington's right to foreclose on Plaintiffs' property after their default. *See In re Miller*, 666 F.3d 1255, 1264-65 (10th Cir. 2012) (recognizing that Colorado law permits non-judicial foreclosure based on this documentation). Plaintiffs do not allege any facts that would rebut this presumption, and instead argue only that the documentation Carrington presented should not be sufficient because a statement by a holder's attorney is self-serving. But Colorado law is otherwise. Accordingly, Plaintiffs' allegation, without more, that Carrington lacks documentation to establish its right to enforce the Note and Deed of Trust does not state a plausible claim under the FDCPA.[6]

## C.    California FDCPA claim

Plaintiffs concede that their claims under the California counterpart to the FDCPA, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788-1788.33, "turn on whether the [federal] FDCPA claims remain and apply."

---

[6]  After the district court issued its decision and briefing was completed in this appeal, we held that a party enforcing a security interest through a non-judicial foreclosure proceeding is not a "debt collector" as necessary to state a FDCPA claim. *See Obduskey v. Wells Fargo*, 879 F.3d 1216, 1220-23 (10th Cir. 2018), *petition for cert. filed*, No. 17-1307 (U.S. Mar. 15, 2018). This decision provides an alternative ground on which to affirm the dismissal of Plaintiffs' FDCPA claims.

Aplt. Br. at 17; *see* Cal. Civ. Code § 1788.17 (incorporating federal FDCPA provisions). Consequently, because Plaintiffs failed to state a federal FDCPA claim, they have also failed to state a claim under the California counterpart.[7]

## D.     Due Process Claims

The Fourteenth Amendment's Due Process Clause provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Due process of law requires that the State provide a notice and a meaningful opportunity to object to the deprivation. *See In re C.W. Mining Co.*, 625 F.3d 1240, 1244-45 (10th Cir. 2010). Plaintiffs allege in their amended complaint that Colorado's non-judicial foreclosure process violates due process, both facially and as applied. We agree with the district court that Plaintiffs failed to state a claim on either basis.

### 1.     Facial challenge

Plaintiffs allege in their amended complaint that Colorado's non-judicial foreclosure process is unconstitutional on its face because it allows "a company like Defendant [] to foreclose on a property, without any requirement to demonstrate its legal standing or legal ownership of the alleged debt," and provides the debtor with only "an inadequate opportunity to be heard[] and to challenge the legal standing and/or identity" of the company seeking to foreclose. Aplt. App. at A41. Plaintiffs made this same argument in *Mbaku I*, and we rejected it. *See* 628 F. App'x

---

[7] Because we affirm the district court's decision on this basis, we do not address Carrington's arguments that the California statute does not apply as a matter of law under the facts alleged.

9

at 972-73. Plaintiffs do not contend that there has been a material change in the law in the three years since, but nonetheless renew their argument.

Our decision in *Mbaku I* is unpublished and therefore is not binding precedent. *See* 10th Cir. R. 32.1. We nonetheless find its discussion of this issue thorough and persuasive and hence rely on it here. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (stating we may rely on an unpublished order if it "has persuasive value with respect to a material issue in a case and would assist the court in its disposition").

As we explained in *Mbaku I*, under Colorado's non-judicial foreclosure process, the holder of the evidence of debt secured by the deed of trust must obtain a court order authorizing the public trustee to sell the secured property in foreclosure. *Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1015 (Colo. 1998). Under Rule 120, the process for obtaining this order begins with an interested person filing a verified motion seeking an order authorizing the sale of the property. Colo. R. Civ. P. 120(a) (2016).[8] The moving party must also issue a notice of this request to the debtor and all other persons known or believed to have an interest in the property who might be materially affected by such sale. *Id.* R. 120(a), (b).

If the debtor or another interested party files a response to the motion, the court must hold a hearing and determine whether there is a reasonable probability "of a default or other circumstances authorizing, under the terms of the instrument described in the

---

[8] The Colorado Supreme Court revised Rule 120 in 2017, after the sale of the Plaintiffs' property. All citations to the rule in this decision are to the 2016 version unless otherwise noted. The 2017 revisions did not change the process described herein.

10

motion, the exercise of a power of sale." *Id.* R. 120(d); *see also id.* R. 120(e) (explaining that there is no hearing absent a response). "The court's resolution of the Rule 120 motion . . . should necessarily encompass a consideration not only of the evidence offered by the creditor seeking the order of sale but also of any evidence offered by the debtor to controvert the moving party's evidence or to support a legitimate defense to the motion." *Goodwin v. Dist. Court*, 779 P.2d 837, 842 (Colo. 1989).

Over 25 years ago, the Colorado Supreme Court held in *Goodwin* that one of the defenses a debtor is entitled to assert in a Rule 120 proceeding is that the party seeking authorization is not the real party in interest, *id.*, that is, is not a "party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question," *id.* at 843. If the debtor asserts this defense, the burden is on "the party seeking the order of sale to show that he or she is indeed the real party in interest." *Id.* Rule 120 thus provides a mechanism for the debtor to dispute that the party seeking authorization for the foreclosure sale is entitled to do so. In addition, although the grant or denial of a motion to authorize sale under Rule 120 is not appealable, the rule provides that "parties aggrieved by the Rule 120 court's decision may seek injunctive or other relief in a court of competent jurisdiction." *Plymouth Capital Co.*, 955 P.2d at 1017; *see* Colo. R. Civ. P. 120(d). Colorado's non-judicial foreclosure process therefore provides the debtor with both notice of the potential property deprivation and an opportunity to be heard, as required to satisfy due process.

Plaintiffs dismiss this reasoning and result on the ground that Rule 120 itself does not state that a debtor can assert a real party defense. But as just described, the Colorado

11

Supreme Court has construed Rule 120 as allowing debtors to raise this defense in a Rule 120 proceeding. Plaintiffs simply ignore this long-standing Colorado law, and their argument is meritless as a result. Their rule-based argument is also moot at this point, because the Colorado Supreme Court recently revised Rule 120, among other things, to confirm that the scope of inquiry at a Rule 120 hearing includes "whether the moving party is the real party in interest." Colo. R. Civ. P. 120(d)(1)(C) (2018).

### 2. As applied challenge

Plaintiffs also allege Colorado's non-judicial foreclosure process violated due process as applied to them. An "as applied" constitutional challenge differs from a facial challenge because it "concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the *particular circumstances* of the case." *United States v. Carel*, 668 F.3d 1211, 1217 (10th Cir. 2011) (internal quotation marks omitted). But Plaintiffs make no argument that due process was violated under the particular circumstances of their Rule 120 proceeding, and instead merely restate the facial challenge we have already rejected. *See* Aplt. App. at A41 (alleging process was unconstitutional as applied because it allowed Carrington to foreclose on Plaintiffs' property "without the specific opportunity for Plaintiffs to put Defendant to its proof with respect to its legal ownership of the debt"). We find no merit in this argument for the reasons stated in the preceding section.

## CONCLUSION

We affirm the district court's dismissal of Plaintiffs' claims.

Entered for the Court

Gregory A. Phillips
Circuit Judge